## No. 12,374.

### CITY OF NEW ORLEANS VS. EUGENE S. REEMS.

*Plea Required.*—To secure an appeal, the amount involved being less than two thousand dollars, there must have been a contestation in the lower court antecedent to trial and a judgment in the lower court in the matter of the illegality or unconstitutionality of a tax. State vs. Hennessey, 44 An. 805; State vs. Dean, 45 An. 441; State vs. Tsni Ho et al., 37 An. 50.

APPEAL from the Second City Court of New Orleans. *Fernandez, J.*

*Samuel L. Gilmore*, City Attorney, and *W. B. Sommerville*, Assistant City Attorney, for Plaintiff, Appellee.

*Wall & Watt* for Defendant, Appellant.

Argued and submitted February 20, 1897.
Opinion handed down March 1, 1897.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued the defendant for one hundred dollars, amount claimed for a license for the year 1896, as retail liquor dealer. There was a judgment rendered for the city from which the defendant appealed.

The appellee moves to dismiss the appeal for want of jurisdiction.

The defendant is, it appears, a wholesale merchant. He averred that he was not a retail liquor dealer and did not sell in less quantities than original and unbroken packages or barrels. He charged here, in the brief, that the license tax sought to be imposed is illegal. In the lower court no plea was filed. We have not found that the case falls within the appellate jurisdiction of this court. There is no question of law involved. The manifest purpose is to show that defendant's business, not being a retail business, can not be subjected to the payment of a retail license. This is exclusively a question of fact. While it is asserted that the law is illegal and unconstitutional, no ground of illegality or unconstitutionality is pleaded. This court has had occasion to decide, in a number of cases, in obedience to the article of the Constitution, that appellate jurisdiction would be exercised in all cases in which the constitutionality or legality of any tax shall be in contestation. In those cases the appeal comes up on the law and the fact needful to a proper determination of the question.

On appeal, questions exclusively of fact are not within the jurisdiction of the court. If we were to entertain jurisdiction of questions of fact where the unconstitutionality or illegality of the law, is merely suggested in argument at bar, the minimum limit as to amount of the court's jurisdiction would become a dead letter, and nearly all cases would become appealable, without any reference to amount. We repeat: the excepted cases, as relates to taxes in the article in the Constitution are those in which their legality, or unconstitutionality, is at issue, and in such cases the law and the fact are

reviewable, but the facts alone, without any issue of unconstitutionality or illegality of the tax, are not reviewable on appeal. If an officer attempts to collect a tax from one who is not liable, the question of liability *vel non* (the law being, as to its validity, unquestioned) is one exclusively of fact, and appeal here is not the remedy.

In State vs. Deffes, 44 An. 581, this court said: We recently said in case the record discloses that there was raised in the recorder's court no contestation as to the constitutionality or legality of the city ordinance under which the appellant is prosecuted, the appellate jurisdiction of this court does not attach." The contestation must arise in the court *a qua*. State vs. Hennessey, 44 An. 805.

The appeal is dismissed.

MR. JUSTICE MILLER dissents.