## HOWARD *v.* KENTUCKY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 77. Argued November 10, 13, 1905.—Decided January 2, 1906.

The provisions of the Fifth and Sixth Amendments to the Federal Constitution do not apply to proceedings in the state courts.

A State cannot be deemed guilty of violating its obligations under the Constitution of the United States because of a decision, even if erroneous, of its highest court, if acting within its jurisdiction.

While the words "due process of law," as used in the Fourteenth Amendment, protect fundamental rights, the Amendment was not intended to interfere with the power of the State to protect the lives, liberty and property of its citizens, nor with the power of adjudication of its courts in administering the process provided by the law of the State.

In discharging a juror in a murder trial before he was sworn, for cause sufficient to the court, and after questioning him in absence of accused and counsel but with the consent of his counsel, and substituting another juror equally competent, *held*, that the accused was not denied due process of law within the meaning of the Fourteenth Amendment.

It is the law of Kentucky that occasional absence of the accused from the trial from which no injury results to his substantial rights is not reversible error.

The Criminal Code of Kentucky, § 281, provides that decisions of the trial court upon challenges shall not be subject to exception, and as the highest court of the State in deciding that even though the action of the trial court in regard to the juror had been error it could not reverse under § 281, followed the construction of that section established by prior cases, it did not make a discriminating application of the section against the accused and he was not therefore deprived of the equal protection of the laws.

THE facts are stated in the opinion.

*Mr. W. M. Smith,* with whom *Mr. J. A. Violett, Mr. J. A. Scott* and *Mr. Carlos B. Little* were on the brief, for plaintiff in error:

A Federal question is seasonably presented, although made for the first time in the Appellate Court, in petition for a rehearing, provided said court passes upon same, and holds against the party invoking protection under the Constitution or laws of the United States. *Mallet* v. *North Carolina,* 181 U. S. 592; *Leigh* v. *Green,* 193 U. S. 79; U. S. Compiled Statutes, § 709; *Canal Co.,* v. *Patten Paper Co.,* 172 U. S. 58; *Powell* v. *Brunswick County,* 150 U. S. 433; *O'Neil* v. *Vermont,* 144 U. S. 359. A State can repeal any common law offense, or change the modes of criminal procedure, so long as said change does not violate any absolute and fundamental right of the accused; as to the question here involved, the State of Kentucky has adopted the common law, without modification or change, and the provision of the Fourteenth Amendment protects the fundamental rights thereby created and recognized. Section 233 present Const. Kentucky; *Ray* v. *Sweeney,* 77 Kentucky, 9; *Chisholm* v. *Georgia,* 2 Dallas, 419; *Holden* v. *Hardy,* 169 U. S. 366.

The provision of the Fourteenth Amendment that no State shall deprive any person of life, liberty or property without due process of law, having brought within the Federal jurisdiction and power the protection against state action, the judicial power of the Nation necessarily extends thereto; and it is not requisite for jurisdiction that the right or thing claimed come

from the law of the United States; though it comes from the state law, it is protected from unlawful state action. It must not be so construed, however, as to interfere with the State in its enactment and local administration of the criminal law, nor to confine it to any special mode of proceeding, so long as said law, as enforced by the State, affords equal protection to all persons within its jurisdiction, similarly situated, and is not violative of the fundamental and inalienable rights that are essential to the protection of life, liberty and property. Section 11, Bill of Rights, Kentucky; *Davidson* v. *New Orleans*, 96 U. S. 99; Fifth Amendment Const. U. S.; *Holden* v. *Hardy*, 169 U. S. 366; *Lowe* v. *Kansas*, 163 U. S. 85; *Civil Rights Cases*, 109 U. S. 11; *United States* v. *Cruikshank et al.*, 92 U. S. 554; *United States* v. *Harris*, 106 U. S. 629; *Caldwell* v. *Texas*, 137 U. S. 699; *Allen* v. *Georgia*, 166 U. S. 137; *Brown* v. *New Jersey*, 175 U. S. 174; *Maxwell* v. *Dow*, 176 U. S. 582; *Hurtado* v. *California*, 110 U. S. 516; *Thompson* v. *Utah*, 170 U. S. 344; *Ex parte Ulrich*, 42 Fed. Rep. 591.

By the common law, which has been adopted by Kentucky, and by the constitution, statutes and court decisions, when the life or liberty of the accused is in peril, he not only has the right to be, but must be, present, during the whole of the trial, at every step. His presence is not only an inalienable right, but a jurisdictional fact and cannot be waived. It is the duty of the trial court to see that this right is not violated, otherwise Federal jurisdiction under the Fourteenth Amendment will attach to protect said right. 2 Story on Const., § 1791; Hale's Pleas of the Crown, 33; 3 Bacon's Abridgement, 512; Magna Charta, ch. 29; Brannon's Fourteenth Amendment, 271; Cooley, Const. Lim., 7th ed., 452; Underhill, Crim. Ev., 284, § 232; Wharton, Crim. Pl. & Pr., 8th ed., §§ 540, 545; *Schwab* v. *Berggren*, 143 U. S. 442; *Lewis* v. *United States*, 146 U. S. 370; *Hopt* v. *Utah*, 110 U. S. 574; Crim. Code Utah, § 218; Crim. Code Pr. (Ky.), § 183; Kentucky Code, §§ 212–216; *State* v. *Carmen*, 63 Iowa, 130; Bishop's New Criminal Procedure, §§ 269, 271; *Dougherty* v. *Commonwealth*, 69 Pa. St. 290; *Prine* v. *Common-*

*wealth,* 18.Pa. 103; *Rolls* v. *State,* 52 Mississippi, 396; *State* v. *Smith,* 90 Maryland, 37; *French* v. *State,* 21 L. R. A. 405; *Anderson* v. *State,* 2 Sneed (Tenn.); *Witt* v. *State,* 5 Coldwell (Tenn.), 11; *Gladden* v. *State,* 12 Florida, 577; *Maurer* v. *People,* 43 N. Y. 1; *Hill* v. *People,* 16 Michigan, 351; *Schick* v. *United States,* 195 U. S. 65; *West* v. *Louisiana,* 194 U. S..258; Const. Kentucky, § 233; Criminal Code Pr., § 183; *Temple* v. *Commonwealth,* 77 Kentucky, 769; *Allen* v. *Commonwealth,* 86 Kentucky, 642; *Hite* v. *Commonwealth,* 14 Ky. Law Rep. 308; *Meece* v. *Commonwealth,* 78 Kentucky, 586; Criminal Code, §§ 229, 340; *Rutherford* v. *Commonwealth,* 78 Kentucky, 640; *Crowley* v. *United States,* 194 U. S.461; *Rogers* v. *Alabama,* 192 U. S. 226; *Willis* v. *Commonwealth,* 86 Kentucky, 68; *B. & O. R. R. Co.* v. *Baugh,* 149 U. S. 371; *C., B. & Q. R. R. Co.* v. *Chicago,* 166 U. S. 235; *Jacobi* v. *Alabama,* 187 U. S. 135; *Johnson* v. *Commonwealth,* 72 Kentucky, 224.

When the absence of the accused during the trial is shown, the law presumes that his substantial rights' have been prejudiced, and the holding of the Court of Appeals that the record must affirmatively show that said rights were not prejudiced, deprived the accused of his liberty without due process of law, and denied him the equal protection of the law. *Meece* v. *Commonwealth,* 78 Kentucky, 586; *Rutherford* v. *Commonwealth,* 78 Kentucky, 640; *Allen* v. *Commonwealth,* 86 Kentucky, 642; *Crowley* v. *United States,* 194 U. S..461.

The court, in discharging juror Alexander without cause after he had been accepted, acted beyond its power, and the Court of Appeals, in holding that under § 281, Criminal Code, it could not reverse on account of said error, deprived the accused of his liberty without due process of law and denied to him the equal protection of the law. *Klinger* v. *Missouri,* 13 Wall. 257; Crim. Code of Pr., §§ 215, 250, 281; *Munday* v. *Commonwealth,* 81 Kentucky, 233; *Wiggins* v. *Commonwealth,* 104 Kentucky, 766; *Smith* v. *Commonwealth,* 20 Ky. Law Rep. 1848; *Colvin* v. *Commonwealth,* 22 Ky. Law Rep., 1408; *O'Brian* v. *Commonwealth,* 72 Kentucky, 333; *Shelby* v. *Commonwealth,* 91 Kentucky, 566

The Court of Appeals, in. holding that under § 281, Crim. Code Pr., it was without power to revise an error committed by the trial court, in the manner of the formation or selection of the trial jury, violated the Fourteenth Amendment, and said holding deprived the accused of his liberty without due process of law, and denied to him the equal protection of the law. Crim. Code Pr., §§ 190–194; Kentucky Statutes, § 2247; *Smith* v. *Commonwealth*, 20 Ky. Law Rep. 1848; *Yick Wo* v. *San Francisco*, 118 U. S. 306.

*Mr. N. B. Hays*, Attorney General of the State of Kentucky, with whom *Mr. Charles H. Morris* was on the brief, for defendant in error:

The Fifth and Sixth Amendments do not apply to a criminal prosecution in a state court for the infraction of its criminal laws. *United States* v. *Cruikshank*, 92 U. S. 542; *Ex parte Spies*, 123 U. S. 131; *Brown* v. *New Jersey*, 175 U. S. 172; *Maxwell* v. *Dow*, 176 U. S. 593; *West* v. *Louisiana*, 194 U. S. 261.

Under the common law there could be no exception to the decisions of triers of jurors, and in Kentucky the court is substituted for triers and there can be no review of its action. Cooley's Blackstone, bk. 3, ch. 23, § 3; §§ 212, 281, Crim. Code Kentucky; Thompson & Merriam on Juries, § 259; *Snow* v. *Weeks*, 75 Maine, 106; Cooley's Const. Lim., 8th ed., 445, 460; *Hayden* v. *Commonwealth*, 20 Ky. Law Rep. 274.

There was no error in discharging the juror and there was no abuse of discretion by the trial court. Crim. Code Kentucky, § 202; Proffat on Jury Trials, § 194; *State* v. *Adams*, 20 Kansas, 689.

The Kentucky Court of Appeals has only appellate jurisdiction to review any error of law which appears on the record, when upon consideration of the whole case the court is satisfied that the substantial rights of the defendant have been prejudiced thereby. Constitution, § 110; Crim. Code, § 340.

No objection or exception having been made or taken in the trial court as to alleged error of the trial court in asking said

question in the absence of plaintiff in error, and no error having been assigned by plaintiff in error in his motion and reasons for a new trial for the same, there was no error appearing on the record for review by the Court of Appeals. *Rutherford* v. *Commonwealth*, 78 Kentucky, 639; *Kennedy* v. *Commonwealth*, 14 Bush, 340; *Wilkerson* v. *Commonwealth*, 88 Kentucky, 30; *Merritt* v. *Commonwealth*, 11 R. 17; *Brown* v. *Commonwealth*, 14 Bush, 400; *Ellis* v. *Commonwealth*, 9 R. 824; *Crockett* v. *Commonwealth*, 10 R. 159; *Redmon* v. *Commonwealth*, 82 Kentucky, 335; *Vinegar* v. *Commonwealth*, 104 Kentucky, 110; *Branson* v. *Commonwealth*, 92 Kentucky, 333.

The conviction was due process of law; and this question not having been presented to the trial court, or passed on adversely to him by it, it was not before the Court of Appeals and as it was without jurisdiction to consider that question, there is no Federal question. *Dreyer* v. *Illinois*, 187 U. S. 83; *Jacobi* v. *Alabama*, 187 U. S. 107; *Brooks* v. *Missouri*, 124 U. S. 456; *Baldwin* v. *Kansas*, 129 U. S. 641.

Before this court will review any Federal question, the plaintiff in error must have presented it in the highest state court, and it must have been decided there, adversely to him. Under section 281 of the Criminal Code the trial court is not only the highest court, but the only court that could pass on said question. Cases *supra* and *Layton* v. *Missouri*, 187 U. S. 214; *Tarrance* v. *Florida*, 188 U. S. 573.

When the challenge to a juror has been allowed and an impartial juror substituted in his place, the constitutional right of the accused to a fair and impartial jury has not been impaired. Thompson & Merriam on Juries, § 251; *Reynolds* v. *United States*, 98 U. S. 247; *United States* v. *Morris*, Fed. Cas. No. 15,815; *Hopt* v. *Utah*, 120 U. S. 430; *Hays* v. *Missouri*, 120 U. S. 71; *Ex parte Spies*, 123 U. S. 131.

The Federal courts will follow the interpretation and construction given the state statutes by the highest court of the State, as to rights, privileges and immunities, unless such construction is violative of the Federal laws. *Smiley* v. *Kansas*, 196 U. S.

247; *Leeper* v. *Texas*, 139 U. S. 462; *Nobles* v. *Georgia*, 168 U. S. 398; *Bergman* v. *Baecker*, 157 U. S. 655; *Fielden* v. *Illinois*, 143 U. S. 452; *Brown* v. *New Jersey*, 175 U. S. 172.

As to the consistent construction of § 281, Crim. Code, see *Smith* v. *Commonwealth*, 100 Kentucky, 137; *Collier* v. *Commonwealth*, 110 Kentucky, 518.

As to what is due process of law within the meaning of the Fourteenth Amendment, see *Hurtado* v. *California*, 110 U. S. 516; *Anderson* v. *Henry*, 45 W. Va. 319; *Kennedy* v. *Commonwealth*, 14 Bush, 340.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The plaintiff in error seeks to review the judgment of the Court of Appeals of the Commonwealth of Kentucky, affirming a conviction and sentence of murder against him. He was indicted, with others, for killing one William Goebel. The grounds of review by this court are based upon certain rulings of the trial court which, plaintiff in error contends, were repugnant to the due process clause of the Fourteenth Amendment of the Constitution of the United States.

It appears from the record that eleven jurors, including one J. C. Alexander, had been accepted by the parties. The Commonwealth had exhausted three of its peremptory challenges, and plaintiff in error eleven of his—he was given by the statutes fifteen. At this point the Commonwealth's attorney suggested that Alexander had formed and expressed an opinion on the merits of the case, and had improperly conversed with a person, not a member of the jury, on the subject connected with the case. The Commonwealth's attorney then made a motion to discharge Alexander from the jury, in support of which he filed the following affidavit of one Ben Hackett, who had been excluded as a juror in the case:

"The affiant Ben Hackett says that after the killing of William Goebel he and Mr. J. C. Alexander, who has been accepted on the jury to try this case, had many conversations and argu-

ments about the said killing, this affiant expressing and urging the opinion that there had been a conspiracy to murder Goebel, among those who were charged with his murder, and Mr. Alexander expressing and urging the opinion that there had not been a conspiracy at all to murder him—these arguments and con-versations occurred at different times and places in Woodford County during the time that has elapsed since the murder of Mr. Goebel—were frequent and much earnest interest and feel-ing was expressed by both this affiant and Mr. Alexander therein.

"This affiant further says that on yesterday afternoon late, after Mr. Alexander had been accepted as a juror to try the case and after this affiant had been excused, after those accepted as jurors had been charged and admonished by the court, immedi-ately after adjournment for supper, and as the jury was being conducted by the sheriff away from the court house, affiant by accident met the jury as they were passing out through the court house yard, when in passing Mr. Alexander said to this affiant, 'Hello, Ben, I am glad they cut you off this jury, as I did not want to serve on this jury with you.'

"Affiant Ben Hackett says the foregoing statements are true.

(Signed) . "BEN F. HACKETT."

The following proceedings were then had as appears from the order of the court from which we quote:

"It was agreed by counsel on either side that the court might, in the absence of the defendant and counsel, question the said Alexander as to the truth of the said statements, contained in said Hackett's affidavit, that he said to said Hackett while in the custody of the sheriff, 'Hello, Ben, I am glad they cut you off of this jury, as I did not want to serve on this jury with you,' and the said Alexander having admitted the truth of said state-ment, but claimed the said statement was made in a jocular way, and the court being of the opinion that such conduct on the part of said Alexander was a violation of the admonitions of the court, when he was placed in the custody of the sheriff, it was ordered and adjudged that said Alexander be, and he is

now, excused as a juror in this case, and he is now ordered to be discharged; and the court being thus advised, overruled defendant's objection and discharged and excused said Alexander, and defendant by counsel excepts.

"Thereupon defendant moved the court to discharge the entire panel remaining, which was objected to by the attorney for the Commonwealth, and the court being advised, sustained said objection, and refused to discharge said entire panel, to which ruling defendant by counsel excepts."

By these rulings, it is contended, that plaintiff in error was deprived of due process of law. Error is assigned under the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States.

Plaintiff in error cannot avail himself of the provisions of the Fifth and Sixth Amendments, for reasons we have so often expressed that it would be the extreme of superfluity to repeat them. It is enough to say that those amendments do not apply to proceedings in the state courts. The invocation of the Fourteenth Amendment is attempted to be justified on two grounds: (1) That the trial court in discharging Alexander acted beyond its power, and that the Court of Appeals of Kentucky in holding, that by reason of section 281 of the Criminal Code of the State, it cannot reverse on account of such error, deprived plaintiff in error of his liberty without due process of law. (2) By the common law which has been adopted by Kentucky, and by the constitution and statutes of the State an accused has not only the right to be present, but must be present during the whole of the trial. "His presence is not only an inalienable right, but a jurisdictional fact and cannot be waived."

The argument of plaintiff in error is very elaborate, but there is scarcely any phase of it which has not been answered adversely to his contention by decisions of this court.

He seems to make an issue with the Court of Appeals of the State upon the law of the State, and to contend that the court erred in the interpretation and application of that law. This contention encounters the ruling in *In re Converse*, 137 U. S.

624, 631, and other cases, which hold that a "State cannot be deemed guilty of a violation of its obligations under the Constitution of the United States because of a decision, even if erroneous, of its highest court, while acting within its jurisdiction."

We cannot assume error in the decision of the Court of Appeals. We accept it, as we are bound to do, as a correct exposition of the law of the State—common, statutory and constitutional. Our inquiry can only be, did the state law as applied afford plaintiff in error due process as those words are used in the Fourteenth Amendment? We think it did. It is not necessary to enter into a lengthy discussion of what constitutes due process of law. That has been done in a number of cases and there is nothing in the present case which calls for a repetition and an extension of the discussion. It may be admitted that the words "due process of law," as used in the Fourteenth Amendment, protect fundamental rights. What those are cannot ever be the cause of much dispute. In giving them protection, however, it was not designed, as was observed by the Chief Justice in *In re Converse, supra*, "to interfere with the power of the State to protect the lives, liberty and property of its citizens; nor with the exercise of that power in the adjudication of the courts of the State in administering the process provided by the law of the State." These words are apposite in the present case. Of what does plaintiff in error complain? The discharge of a juror before he was sworn and the absence of the plaintiff in error from the examination of the juror by the presiding judge. But plaintiff in error consented through his counsel to the examination, and there is not an intimation that the juror selected in Alexander's place was not as competent as he. Nor can we say that the discharge of Alexander took from the other jurors who had been chosen their competency to try the case or to give to plaintiff in error the right to a new panel. In *Hayes v. Missouri*, 120 U. S. 68, it was said "the accused cannot complain if he is still tried by an impartial jury. He can demand nothing more. *Northern Pacific Railroad v. Herbert,*

116 U. S. 642. The right to challenge is the right to reject, not to select a juror. If from those who remain an impartial jury is obtained, the constitutional right of the accused is maintained." *Brown* v. *New Jersey*, 175 U. S. 172.

In passing on the action of the trial court in examining Alexander in the absence of plaintiff in error the Court of Appeals said that the court had been compelled to relax the rule prescribed by the statute that "The defendant must be present and shall remain in custody during trial," and cited *Hite* v. *Commonwealth*, 14 Ky. L. R. 308; *Meece* v. *Commonwealth*, 78 Kentucky, 586. In the first case absence from the court room by the accused for a few minutes at a time on account of sickness, the trial continuing in his absence, it was held did not prejudice the substantial rights of the accused.

In *Meece* v. *Commonwealth*, upon the jury coming back to the court room for further instructions, the court made certain alterations in the instructions in absence of the accused but in the presence of his counsel. It was held not to be error, the court saying:

"While we recognize the fact that the accused when on trial for a criminal offense should be present during the entire trial, and that no evidence should be heard or instructions given or amended without his presence either before or after the submission of the cause to the jury, still this court is only authorized to reverse in cases where the substantial rights of the accused have been prejudiced in the court below, and in order to ascertain whether errors have been committed to the prejudice of the accused, the facts as well as the law of the case should be considered. While one charged with a criminal offense has the constitutional right to be tried by a jury, the right of appeal from the verdict and judgment against him does not exist except by the legislation of the State on the subject, and when permitting an appeal the lawmaking power has the right to determine for what cause a reversal may be had."

The Court of Appeals also said, in passing on the contention of plaintiff in error, based on the examination of Alexander:

"It has also been held by this court that a trial for felony begins when the jury is sworn. *Willis* v. *Commonwealth*, 86 Kentucky, 68. At the time the examination of Alexander took place and when he was discharged, the jury had not only not been sworn, but it had not been completed.

"There are many rights, some of them guaranteed by the constitution, which one charged with crime may not waive, and should not be permitted by the courts to waive, such as the right of trial by jury, the right to be heard by himself and counsel, to demand the nature and cause of the accusation against him, and yet others, the assertion of which may unexpectedly become necessary for his protection during the progress of the trial. But we are unwilling to say that one charged with felony, and being in court as was the appellant, with counsel at hand ready and competent to advise him of his rights, may not, in advance of the swearing of the jury, and before he is placed in jeopardy, consent to a private examination by the court of a juror against whom complaint had been made, for the purpose of ascertaining whether he was qualified to retain his place as one of the jurors to try the case. Nor do we think it is affirmatively shown by the record in this case that any injury resulted to the substantial rights of the appellant by Alexander's dismissal from the jury."

It is manifest, therefore, that it is the law of Kentucky that occasional absence of the accused from the trial, from which no injury results to his substantial rights, is not reversible error. And we think, in applying that rule to the case at bar, plaintiff in error was not deprived of due process of law within the meaning of the Fourteenth Amendment of the Constitution of the United States.

It will be observed that the Court of Appeals also decided that, even though the exclusion of Alexander had been error, a reversal of the case was forbidden by section 281 of the Criminal Code of the State, and cited *Curtis* v. *Commonwealth*, 23 Ky. L. R. 267; *Turner* v. *Commonwealth* (not reported); *Alderson* v. *Commonwealth*, 25 Ky. L. R. 32. See also *Commonwealth* v.

*Powers,* 114 Kentucky, 237, where section 281 was construed the same way. The court, in its construction of section 281, followed the construction established by prior cases, and did not make a discriminating application of that section against plaintiff in error. He was, therefore, not deprived of the equal protection of the laws.

*Judgment affirmed.*

MR. JUSTICE HARLAN, concurring: The record does not, in my judgment, show an absence of the due process of law enjoined by the Fourteenth Amendment of the Constitution of the United States, as that Amendment has been interpreted by this court. For that reason, and without approving all that is said in the opinion of the court, I concur in the judgment of affirmance.