SOMMERVILLE, J.
The state sues defendant for license taxes for the years 1909, 1910, 1911, and 1912, as a wholesale dealer, in the sum of $50 for each of said years, together with interest, attorneys’ fees, and *217 costs. Defendant excepts and answers as follows:
“First. That the state is estopped from claiming a license from the defendant for the years 1909 to 1912, inclusive, for the reason that the state has already accepted payment for license from defendants as commission merchant for all of its business conducted during the said years. That the state is estopped for the further' reason that defendant’s affidavit, if untrue, should have been traversed promptly after the receipt of defendant’s affidavit and payment of the license thereunder.
“Second. That if the state claims licenses for the years 1909 to 1912, inclusive, under the authority of Act Ño. 148 of 1906, defendant avers that said act is unconstitutional, null, and void, being in direct violation of the Constitution of this state, and particularly of articles 31 and 32 in having more than one object, and also in failing to re-enact the amended section in full, and therefore said demands are prescribed.
“And now for answer thereto defendant denies that it is engaged in the business of wholesale merchant. Defendant reserves all its rights under the above exception and plea of estoppel and prescription.”
There was judgment holding defendant liable for licenses as a wholesale dealer for the years mentioned; and defendant has appealed.
[1] This court has appellate jurisdiction in—
“ * * * all eases in which the constitutionality or legality of any tax, toll, or impost whatever, or of any fine, forfeiture, or penalty imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof, and to all cases wherein an ordinance of a municipal corporation or a law of this state has been declared unconstitutional, and in such cases the appeal on the law and the facts shall be directly from the court from which the case originated to the Supreme Court.”
The judgment appealed from .does not declare any law or ordinance unconstitutional; and there is not involved in the case “the constitutionality or legality of any tax, toll, or impost whatever.”
The pleas of estoppel and prescription quoted above do not suggest the legality or constitutionality of the license tax sought to be collected in this case. In State v. Wenar, 118 La. 142, 42 South. 727, we say:
“The defenses of estoppel and prescription do not involve the constitutionality or legality of the license.”
[2] The second exception:
“That if the state claims licenses for the years 1909 to 1912, inclusive, under the authority of Act No. 148 of 1906, defendant avers that said act is unconstitutional, null, and void — ”
for the reasons therein given, does not in any manner charge Act No. 171 of 1898, under which the state is proceeding in this case, as being unconstitutional, or the tax sought to be collected as illegal. Defendant cannot assume that plaintiff is proceeding under any other act than the one declared upon in its petition; and, as that act is not charged with being unconstitutional or illegal, this court has not appellate jurisdiction of the cause.
Reference to Act No. 148 of 1906, p. 252, shows that the Legislature did not therein attempt to levy any license or other taxes upon wholesale dealers or commission mer,chants. That act is entitled:
“An act to carry into effect article 229 of the Constitution of 1898, and to provide a prescription for licenses and for additional licenses ; and in what manner they shall become delinquent; and to provide rules of evidence in proceedings for collection of licenses and additional licenses; and the manner in which process may be served therein; and to more fully define what concerns shall be classified under section 13 of Act 171 of 1898; and declaring certain licenses to be property, subject to transfer and sale, and hereditable, and to repeal all laws in conflict herewith.”
Section 13 of Act 171 of 1898, mentioned in the title, refers to social clubs, selling or disposing of intoxicating liquors, and directs that they shall be rated in the same manner as all other concerns rated therein; and their gross annual receipts for the purpose of determining the quantum of their license shall be estimated in the same manner. But defendant is not referred to in said act; and no licenses for commission merchants or wholesale dealers are attempted to be imposed therein. Plaintiff did not proceed, and *219 could not have proceeded, under that act in this case.
In City v. Reem, 49 La. Ann. 792, 21 South. 599, where no plea of unconstitutionality or illegality of the tax was filed, we say:
“We have not found that the ease falls within the appellate jurisdiction of this court. There is no question of law involved. The manifest purpose is to show that defendant’s business, not being a retail business, cannot be subjected to the payment of a retail license. This is exclusively a question of fact. * * * While it is asserted that the law is illegal and unconstitutional, no ground of illegality -or unconstitutionality is even suggested. This court has had occasion to decide in a number of cases, in obedience to the article of the Constitution, that appellate jurisdiction would be exercised in all cases in which the constitutionality or legality of any tax shall be in contestation. In those cases the appeal comes up on the law and the fact needful to a proper determination of the question.”
We adhere to the foregoing ruling.
Defendant refers to State v. Chess Club, 116 La. 46, 40 South. 526, 7 Ann. Cas. 957, where additional licenses were claimed for the same business, on which defendant had paid, whereas in the instant case no additional license is claimed from defendant. The claim is for wholesale dealers’ licenses for certain years, where no wholesale licenses had been paid.
Appeal dismissed.