(63 South. 859.)

No. 19,890.

STATE v. J. FOTO & BRO.

(Dec. 1, 1913. Rehearing Denied Jan. 5, 1914.)

*(Syllabus by the Court.)*

1. COURTS (§ 224*) — JURISDICTION OF SUPREME COURT—AMOUNT INVOLVED—ESTOPPEL.

Where the state sues for licenses amounting to less than the minimum jurisdictional amount of this court and the defendant sets up that the state is estopped from collecting the licenses, this court cannot take jurisdiction of the question of estoppel, as it has jurisdiction, under the circumstances, only where it is claimed that the law under which it is sought to collect the license is unconstitutional.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

2. STATUTES (§ 107*)—TITLE—LICENSES.

An act whose title states one object and a number of other things germane to this object and connected therewith is not a violation of articles 31 and 32 of the Constitution, re-

quiring that the title of an act shall state only one object.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 121–134; Dec. Dig. § 107.*]

3. STATUTES (§ 107*)—OBJECT—LICENSES.

Act No. 148 of 1906 deals only with the subject of licenses and the things germane to their imposition and collection and is therefore not violative of the Constitution.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 121–134; Dec. Dig. § 107.*]

4. STATUTES (§ 141*) — AMENDMENTS — LICENSES.

Act No. 148 of 1906 fully reproduces all that was necessary for the amendment of the acts which it was intended to amend and is therefore constitutional.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 48, 198, 209; Dec. Dig. § 141.*]

5. CASE TRANSFERRED.

In so far as relates to issues over which this court has no jurisdiction, case transferred to Court of Appeal, parish of Orleans.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by the State against J. Foto & Bro. Judgment for the State, and defendants appeal. Transferred to the Court of Appeal.

P. J. Patorno and George B. Smart, both of New Orleans, for appellants. Wm. W. Westerfield, of New Orleans, for the State.

BREAUX, C. J. [1] The state claims of the defendants a license for their business as wholesale dealers in the sum of $50 and $25 for their business as commission merchants for each of the years 1909 to 1912, inclusive, together with penalty of 2 per cent. per month interest from March 1st for the year for which the license is due and 10 per cent. attorneys' fees upon the whole, with first lien and privilege.

The defendants resist the suit on the ground that the state is estopped from obtaining a license from them for the years 1909 to 1912, inclusive, for the reason that the state has already accepted a license from the same defendants for all of their business as retailers, conducted during the said years. That the state is estopped for the further reason that defendants' affidavit, if untrue, should have been traversed promptly after the receipt of defendants and payment of the license thereunder.

This court has no jurisdiction of the defense just above stated. There is no question of the unconstitutionality of a tax involved.

But the defendants further urged in the pleadings that the state claims a license for the years 1909 to 1912, inclusive, under authority of Act 148 of 1906. Defendants aver that said act is unconstitutional, null, and void and in direct violation of the Constitution of the state and of articles 31 and 32 in having more than one object and also in failing to re-enact the amendment sections in full. That the demands are prescribed. Defendants also deny that they are engaged in business as merchants and also deny that they are wholesale dealers.

[2] The title of the act attacked contains one object and states different objects germane to the main object but connected therewith and made part thereof in order the better to express the purpose of the law. It sought to cover contingencies which might arise and differences which might be conceived in enforcing the terms of the act.

[3] But it is said that the act also has more than one object.

What has been said of the title may be said of the act. In the first section it provides for a limit by prescription, which purpose is clearly expressed in the title and directly connected with the question of prescription and the purposes of the act. The second section provides when licenses become delinquent. The third, the burden of proof, upon whom it lies in certain contingencies. The fourth, additional method of making service of process upon the taxpayer from whom a license is claimed. The fifth affords to defendants no relief as it refers to social clubs and classifying them under section 13 of Act 171 of 1898.

[4] As to the objection that the act is informal because it fails to re-enact the

amended sections in full: The amendment was made as usual under the law. It sufficiently reproduces all that was necessary to be reproduced. In a number of decisions it has been held that amendments as made here were complete and legal. We certainly will not make a change, particularly as defendants do not press the point before this court. It is sufficiently mentioned, however, to dispose of the question and sufficiently to render it necessary to decide that issue adversely to defendants' contention.

For similar ruling, see State of Louisiana v. Mustaiche (No. 19,871, of the docket of this court) 62 South. 637, 133 La. 216.

[5] The case is transferred to the Court of Appeal for the Parish of Orleans after the required oath will have been taken by the mover in motion for the transfer to the Court of Appeal in order that that court may dispose of questions not within this court's jurisdiction.