(102 So. 581)

No. 26924.

### SEALY et al. v. DUSSEL.

(Dec. 1, 1924. Rehearing Denied Jan. 5, 1925.)

**1. Constitutional law ☞249—Act granting additional remedy to judgment creditors held not to deny "equal protection of the laws."**

Acts 1924, No. 198, providing for examination of judgment debtors in matters pertaining to their estates, *held* not violative of U. S. Const. Amend. 14, § 1, as denying equal protection of laws, act applying equally and uniformly to all judgment debtors; "equal protection of laws" meaning only that equal protection and security should be given to all under like circumstances, and that no greater burden should be laid on others in same calling and condition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Equal Protection of the Law.]

**2. Statutes ☞117(5)—Title to act providing for examination of judgment debtors held sufficiently indicative of its object.**

Title to Acts 1924, No. 198, providing for examination of judgment debtors in matters pertaining to their estates, *held* not violative of Const. 1921, art. 3, § 16, providing that every law shall embrace but one object with a title indicative thereof; penal clauses in act being incidental and germane to its object.

**3. Perjury ☞2—Act providing for examination of judgment debtors held not to amend definition of "perjury."**

Acts 1924, No. 198, providing for examination of judgment debtors in matters pertaining to their estates, and that a debtor who shall knowingly testify falsely on any material point shall be guilty of perjury, does not amend definition of "perjury" which is defined as the willful and corrupt taking of a false oath lawfully administered in a judicial proceeding or course of justice in regard to matter material to issue or point of inquiry.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perjury.]

Certiorari to Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by H. S. Sealy and Julius Scharff against Alex Dussel. Judgment was rendered for plaintiffs, and on issuance of order they examined defendant concerning his property. Defendant applied for certiorari and prohibition. Writ to show cause recalled and avoided, writ of prohibition denied, and application dismissed.

Theodore Roehl, of New Orleans, for Alex Dussel, relator.

J. Zach Spearing, of New Orleans, for respondents.

BRUNOT, J. On May 28, 1923, plaintiffs obtained a judgment against defendant for approximately $5,000. The judgment was signed June 5, 1923, and, as no appeal was taken, the judgment became final.

On October 14, 1924, plaintiffs, under the authority of Act No. 198 of 1924, petitioned the court for the right to place the judgment debtor upon the witness stand and to examine him upon all matters concerning his property and estate, and prayed for the requisite order to do so. The order issued, and when the matter came up for trial relator filed exceptions, alleging therein that Act 198 of 1924 was unconstitutional, null, and void. The exceptions were heard and overruled, and relator applied to this court for writs of certiorari and prohibition.

[1, 2] It is urged that the act is unconstitutional for two reasons: First, that it violates section 16 of article 3 of the Constitution of 1921, in that it has more than one object; and, second, that it violates section 1 of the Fourteenth Amendment to the Constitution of the United States, in that it denies equal protection of the law to all citizens.

A mere reading of the act impresses us with the conviction that there is nothing in the second contention of relator that is worthy of serious consideration.

The act is remedial in its nature. Its object is to grant an additional remedy to judgment creditors by providing for the examination of judgment debtors in matters pertaining to their estates, and it applies equally and uniformly to all judgment debtors. It is therefore not in conflict with section 1 of the Fourteenth Amendment to the Constitution of the United States.

The courts have repeatedly held that the Fourteenth Amendment intended only that equal protection and security should be given to all under like circumstances, and that no greater burdens should be laid upon one than are laid upon others in the same calling and condition. Bell's Gap Railroad Co. v. Commonwealth of Pennsylvania, 134 U. S. 232, 10 S. Ct. 533, 33 L. Ed. 892; Giozza v. Tiernan, 143 U. S. 659, 13 S. Ct. 721, 37 L. Ed. 599; Adams Express Co. v. Ohio State Auditor, 165 U. S. 228, 17 S. Ct. 604, 41 L. Ed. 965.

Section 16 of article 3 of the Constitution of 1921 is as follows:

"Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

The title of Act 198 of 1924 is as follows:

"To grant an additional remedy to judgment creditors by providing for the examination of judgment debtors in matters pertaining to their estate; to provide the procedure for the above remedy and providing further, a penalty of contempt of court for failure to appear and a further penalty of perjury for false swearing under such circumstances."

Under the law judgments may be enforced by execution, garnishment, etc., but the object of Act 198 of 1924 was to provide an additional remedy by which judgment creditors may safely probe the conscience of judgment debtors. The penal clauses in the act are incidental and germane to the object of the act. They are merely the means by which the lawmaker has enabled the court to compel compliance with its orders and decrees.

In Board of Medical Examiners v. Fowler, 50 La. Ann. 1358, 24 So. 809, this court held that—

"When the title of a legislative act expresses a single subject, or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will or may facilitate the accomplishment of the purpose so stated, are germane to its title. There is no constitutional restriction as to the scope or magnitude of the single subject of a legislative act. It has been held that an act to establish the government of the state embraces but a single subject or object, yet it includes all its institutions, all its statutes."

In State v. Guidry, 142 La. 422, 76 So. 843, the court said:

"The constitutional requirement that a statute shall embrace only one object does not mean that each and every means necessary to accomplish the object of the law must be provided for by a separate act relating to it alone. A statute that deals with several branches of one subject does not thereby violate the constitutional requirement that the act must have only one object." State v. Doremus, 137 La. 266, 68 So. 605; City of Shreveport v. Nejin, 140 La. 785, 73 So. 996; Board of Agriculture v. Tanzmann, 140 La. 756, 73 So. 854, L. R. A. 1917C, 894, Ann. Cas. 1917E, 217; Thomas v. Board of School Directors, 136 La. 499, 67 So. 345; State v. Foto, 134 La. 154, 63 So. 859.

[3] It is contended that the act engrafts upon the law a new definition of perjury. The wording of the act is:

"That the debtor at the time of such examination shall be sworn to tell the truth in the same manner as a witness in the trial of civil cases under existing laws, and should he, during the course of the examination, knowingly testify falsely upon any material point, this shall constitute the crime of perjury, and he shall be subject to the penalties provided under the law with reference to that offense."

The criminal law of this state is based upon the common law, and we must go to that source for a definition of the crime of perjury:

"Perjury is defined as the willful and corrupt false swearing, or affirming, after an oath lawfully administered, in the course of a judicial or quasi judicial proceeding as to some matter material to the issue or point in question." 21 R. C. C. p. 254.
"By the common law perjury is the willful and corrupt taking of a false oath, lawfully administered in a judicial proceeding or the course of justice in regard to a matter material to the issue or point of inquiry." Cyc. vol. 30, p. 1399.

The words used in the act, viz., "knowingly testify falsely upon any material point," cannot be held to amend the definition of perjury.

In State v. Rowell, 70 Vt. 405, 41 A. 430, it is held that—

"A person of whom an oath is required by law who willfully swears falsely in regard to any matter or thing respecting which such oath is required, shall be guilty of perjury."

Act 118 of 1906 creates, defines, and punishes the crime of willful and corrupt false swearing. Section 2 of the act defines false swearing as follows:

"Be it further enacted, etc., that whenever any person shall testify under oath to a certain state of material facts upon a subject matter under investigation by a grand jury or committing magistrate, or in an affidavit presented to a district attorney as a basis for a bill of information, for the purpose of the procurement of the indictment or commitment of, or a bill of information against, any person charged with the violation of any criminal statute of this state, and who shall subsequently testify under oath to a materially different fact or state of facts * * * to which he had first testified, as above stated, on the trial of the person so charged, shall be deemed guilty of willful and corrupt false swearing."

In State v. Coleman, 117 La. 973, 42 So. 471, 8 Ann. Cas. 880, this court held that Act 118 of 1906 does not repeal or affect section 857, R. S., relating to perjury. Several definitions of perjury are cited in the opinion, and these citations define perjury as false swearing in a judicial proceeding, as contradistinguished from false swearing before a competent officer in proceedings which are not judicial. Act 198 of 1924 provides a formal judicial proceeding, and willful false swearing in such a proceeding falls within the cited definitions of perjury.

For these reasons we find Act 198 of 1924 constitutional and a proper exercise of legislative power, and therefore the writ to show cause, issued herein, is recalled and avoided, the writ of prohibition is denied, and relator's application is dismissed, at his cost.