(106 So. 321)

No. 27446.

FITHIAN v. CENTANNI.

In re CENTANNI.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞393(1)—Statute allowing supplemental remedy for judgment creditor held not a penal statute.**

Act No. 198 of 1924, allowing, as supplemental remedy, right to examine judgment debtor upon matters pertaining to his estate, and providing that his failure to answer questions will constitute contempt of court, and that testifying falsely will constitute perjury, *held* not a penal statute or repugnant to Const. U. S. Amend. 5, and Const. La. art. 1, § 11, as compelling self-incrimination.

2. **Searches and seizures ☞7—Witnesses ☞293—When compulsory testimony or production of books and papers prohibited.**

Const. U. S. Amend. 4, and Const. La. art. 1, § 7, prohibiting unreasonable searches and seizures, prohibit compulsory testimony only where it would incriminate witness or tend to establish guilt of crime, and compulsory production of books and papers only in case of unreasonable search or seizure for use as evidence in a criminal proceeding.

3. **Searches and seizures ☞7—Statute allowing judgment creditor supplemental remedy held not invalid as providing for "unreasonable search and seizure."**

Act No. 198, of 1924, allowing, as supplemental remedy, right to examine judgment debtor, *held* not invalid as allowing "unreasonable" search and seizure of defendant's person, papers, or effects, within Const. U. S. Amend. 4, and Const. La. art. 1, § 7.

4. **Constitutional law ☞83(1)—Execution ☞359—Statute allowing judgment creditor supplemental remedy held not repugnant to federal Constitution.**

Act No. 198 of 1924, allowing, as supplemental remedy, right to examine judgment debtor, *held* not repugnant to Const. U. S. Amend. 9, as depriving debtor of "blessings of liberty."

5. **Constitutional law ☞197—Statute allowing judgment creditor supplemental remedy held not an ex post facto law.**

Act No. 198 of 1924, allowing, as supplemental remedy, right to examine judgment debtor, *held* not an ex post facto law.

6. **Constitutional law ☞191—Constitutional prohibition against retrospective laws does not apply to acts which affect procedure only.**

Constitutional prohibition against retrospective laws does not apply to acts which affect procedure only.

7. **Constitutional law ☞197—"Ex post facto law" defined.**

An "ex post facto law" is one which imposes a punishment for an act which was not punishable when it was committed, imposes additional punishment, or changes rules of evidence by which less or different testimony is sufficient to convict.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ex post facto.]

8. **Statutes ☞117(5)—Statute allowing judgment creditor supplemental remedy held not invalid as being broader than its title.**

Act No. 198 of 1924, allowing judgment creditor to examine judgment debtor, *held* not invalid as being broader than its title.

9. **Constitutional law ☞55—Statute allowing judgment creditor supplemental remedy held not repugnant to constitutional provision as attaching nonjudicial function to court or judges.**

Act No. 198 of 1924, allowing examination of judgment debtor upon matters pertaining

to his estate, *held* not repugnant to constitutional provision, declaring that no function shall ever be attached to any court of record or judges thereof, except such as are judicial: proper execution of all judgments belonging to the court by which rendered.

Overton, J., dissenting in part.

Action by H. C. Fithian, on behalf of his minor son, Warren Fithian, against Philip Centanni. Judgment for plaintiff. Application by defendant for a writ of prohibition to restrain the district judge from allowing a supplemental remedy in the collection of judgment. Restraining order set aside, peremptory writs applied for refused, and judge discharged from rule.

Julius Howard Wiener and Sidney G. Roos, both of New Orleans, for relator.

A. B. Hammond, of New Orleans, for respondent.

THOMPSON, J. Warren C. Fithian, 17 years old, was knocked down, run over, and seriously injured on the street of this city by an automobile operated by the defendant.

The father, for the use and benefit of his son, brought suit against the defendant for damages and recovered a judgment for $1,200.

After a vain endeavor by execution to collect the said judgment in full, the plaintiff ruled the defendant into court to be examined under oath as to the condition and status of his estate, and, upon his failure to appear or to submit to such examination, to be punished as for contempt of court.

The proceeding was had under Act 198 of 1924.

The defendant appeared through counsel, and declined to submit himself for examination, and excepted to the proceeding, and to the jurisdiction and authority of the court to proceed under said statute, for the reason that the same was unconstitutional, null, and

void, for reasons which shall be noted and considered later.

The exception and plea were overruled, whereupon the defendant (relator here) sought the interposition of this court in the exercise of its supervisory jurisdiction to restrain the district judge from attempting to enforce the provisions of said alleged null act.

The statute grants to all judgment creditors in any suits, either then pending, previously decided, or thereafter to be decided, in any court of the state, as additional and supplemental remedy to procure the execution of the said judgment, the right to examine the judgment debtor upon all matters pertaining to his estate.

The statute provides the method of procedure and for service on the judgment debtor, and the failure on the part of the judgment debtor, who has been personally served with such notice, and summons to answer any and all questions held by the court to be pertinent, is constituted a contempt of court.

In case the debtor on such examination should knowingly testify falsely upon any material point, such false swearing is declared to constitute the crime of perjury and subject to the penalty provided for that offense.

It is specifically provided, however, that no testimony given by a debtor under the act shall be used against him in any criminal proceeding.

The first objection against the statute is that it violates the Fourth Amendment of the federal Constitution and section 7 of article 1 of the state Constitution, which guarantee the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, and the second objection is that the act violates the Fifth Amendment to the federal Constitution and section 11 of article 1 of

the state Constitution, in that the said statute compels a person to give evidence against himself in a criminal case.

Because of the intimate relation and connection of the constitutional provisions, the two objections may be considered together, since what may be said as to one is equally applicable to the other.

The unreasonable searches and seizures prohibited by both the federal and state Constitutions are usually, if not always, made for the purpose of compelling a man to give evidence against himself, which in criminal cases is prohibited by the Fifth Amendment and section 11 of article 1 of the state Constitution.

There can be no substantial difference, therefore, between search and seizure of a person's private books and papers to be used in evidence against him, the subject of defendant's first objection, and compelling a witness to give evidence against himself which constitutes the basis of the second objection.

If the premise upon which the relator bases his contention were true, there would be much force in the constitutional objections raised.

The fundamental error, however, into which counsel have fallen, is in assuming that the statute authorizes a search and seizure and is penal in its object and purpose.

There is nothing in the act which even hints at a search and seizure of the debtor's person or of his books and papers, for the purpose of being used as evidence in a pending or future contemplated criminal proceeding against such judgment debtor. But, on the contrary, as we have already pointed out the statute in specific terms declares that the facts which may be obtained on the examination shall not be used against the debtor in any criminal proceeding.

[1] Nor can the statute in any sense be held to be penal in its well-defined object and purpose within the contemplation and meaning of the constitutional prohibitions.

Obviously remedial in intent and purpose, the statute was designed to furnish additional process, to a judgment creditor, by probing his debtor's conscience, to ascertain the condition of the debtor's property, to the end that satisfaction of his judgment may be had.

The penalties provided for in the act are conditioned and contingent upon the failure of the debtor to submit to the examination, and upon his swearing falsely when he does submit on matters material and pertinent to the inquiry.

In the application and enforcement of the act, it is not to be assumed that the judge before whom the debtor is called for examination will permit him to be unduly harassed by a rapacious creditor, or that he will suffer the inquiry to proceed beyond reasonable bounds as contemplated by the statute.

There is no occasion, therefore, to say that any constitutional rights of the individual are denied by the statute or can be impaired by the proper enforcement of the statute as it is written.

The counsel for relator has not cited us to any authority, constitutional or otherwise, which prohibits a person from being compelled to appear before a court to testify in a civil case to which such person is a party, or that exempts such person from producing his private books and papers on a material matter at issue in a civil proceeding.

[2] It has always been assumed, beyond peradventure, in the general course of legislation and judicial decision, that the power exists to compel giving of testimony and the production of books and papers by proper regulations prescribed by legislative authority.

The only inhibition against the rule is that which protects the citizen against unreasonable search and seizure of his private pa-

pers to be used as evidence against him in a criminal proceeding, and the immunity which he enjoys of not being compelled to give evidence against himself that would incriminate him or tend to establish his guilt of a crime.

Bills of discovery in civil proceedings are not unknown to our law, and even our Code of Practice (article 351) authorizes a litigant to compel his adversary to answer interrogatories on facts and articles in open court and before the judge. And even on the trial of a case the opposing party may be placed on the stand as on cross-examination and compelled to give evidence against himself; the only exception to the rule being that such party cannot be coerced to give evidence that would tend to criminate him, and where he is a party defendant in a criminal prosecution. We have yet to find a case where such laws and such procedure have been attacked on the grounds here urged.

There is no valid reason why such procedure should not be had after, as well as before judgment is rendered.

[3] We may add in conclusion on the objections in question that the constitutional guaranty is not against all searches and seizures in general, but is limited to such as may be deemed to be unreasonable. So. that, if the statute by any sort of strained construction, or stretch of vivid imagination, could be said to be a search and seizure statute, its provisions are not unreasonable. If a judgment debtor has by any improper methods or devices concealed his property and assets, and has placed them beyond the reach of his creditors, he has no just ground to complain against a law which gives the creditor, by means of a personal examination under oath before the judge, the right to discover such property to the end of bringing it back into the debtor's estate. The property of a debtor is the common pledge of all of his creditors.

[4] The third ground of attack is that the examination, if permitted to be made as ordered, would divest relator of the "blessings of liberty," and therefore is obnoxious to the Ninth Amendment to the federal Constitution.

It may be regarded by some people as a blessing to be relieved from the effects of a statute which seeks to enforce a civil obligation, but we have not found such to be among the blessings guaranteed by the Constitution.

We have heretofore considered the fourth and fifth attack leveled at the act, and decided them adversely to the contention of relator, and we adhere to the conclusion there reached. Sealy v. Dussel, 157 La. 486, 102 So. 581.

[5] Nor can the statute be considered an ex post facto law, which is the subject of relator's sixth complaint.

[6] Constitutional prohibitions against retrospective laws are generally held not to apply to acts which affect procedure only, and statutes affecting procedure are accordingly held valid even in their application to pending suits. 12 Corpus Juris, 1086.

[7] An ex post facto law is one which imposes a punishment for an act which was not punishable when it was committed, imposes additional punishment, or changes the rules of evidence by which less or different testimony is sufficient to convict.

"It is essential to an ex post facto law, therefore, that it relates to criminal matters, that it be retroactive in its operation, and that it alter the situation of the accused party to his disadvantage." 12 Corpus Juris, 1097.

[8] Counsel have not discussed the seventh objection to the act, and we have been unable to discover wherein the body of said act is broader than its title.

[9] Finally it is argued in brief that the act is repugnant to that provision which declares that:

"No function shall ever be attached to any court of record, or to the judges thereof, except such as are judicial." Const. art. 7, § 2.

This objection is not raised in the pleadings, and while it may be within the province of the court, on its own motion, to decide whether a statute imposes on a court functions which are in the strict sense not judicial, we have not found such to be the case in this instance.

The statute imposes no duty on the court except to order the debtor to appear for examination on the application of the creditor, and to punish for contempt in the event the debtor fails or refuses to answer any and all questions held pertinent by the court. Such examination is not specifically required to be had before the judge in open court.

But, aside from this, the proper execution of all judgments belongs to the court which rendered them, and the proceeding outlined and authorized by the statute pertains to the execution of a judgment, and may be said to be as much a judicial proceeding as is the trial before such judgment was rendered.

We find nothing in the record that would warrant us in declaring the statute in question unconstitutional.

It is therefore ordered that the restraining order herein issued be set aside, that the peremptory writs applied for be refused, and respondent judge be discharged from the rule at the cost of relator.

O'NIELL, C. J., concurs in the decree.

OVERTON, J., concurs in decree, but dissents in so far as opinion treats Fourth and Fifth Amendments to Constitution of United States as restrictions on the powers of a state, for the reason that they are not. Smith v. Maryland, 18 How. 71, 15 L. Ed. 269; Howard v. Kentucky, 200 U. S. 164, 26 S. Ct. 189, 50 L. Ed. 421.