**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas White GORE, Defendant.**
Civ. No. 3722.

United States District Court
W. D. Kentucky, at Paducah.
March 24, 1955.

Thomas White Gore, pro se.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for United States.

SHELBOURNE, Chief Judge.

This proceeding is by the defendant, Thomas White Gore on a motion filed pursuant to 28 U.S.C.A. § 2255. The motion is to vacate a judgment based upon his conviction on June 22, 1949, after a jury trial of the crime of bank robbery of a bank at Kevil, Kentucky.

The movant urges that he is entitled to relief under Section 2255, because he was excluded from the presence of the Court and Counsel when argument was being heard relating to the admission of testimony, and when the Court was examining the circumstances of the confession of a confederate in the crime, the latter being heard before Counsel only, in Chambers. This alleged exclusion, it is argued, falls within the following rule which the movant urges is a valid rule of law, viz.:

"* * * applicable authorities * * * require that a defendant who has said 'Oh, I want to represent myself' has a dual right to be present, as defendant and as counsel, at 'every stage' of the proceeding; and that the infringement of such right is presumptively prejudicial, constituting denial of due process and consequently depriving the trial court of jurisdiction to proceed to Judgment."

Viewed realistically, movant's objections are to the erroneous admission of evidence, matters not contemplated by the terms of Section 2255, which by its provisions is limited to those errors involving "jurisdiction of the court, or 'deprivation of Constitutional rights amounting to a denial of the essence of a fair trial. * * *" Smith v. United States, 1950, 88 U.S.App.D.C. 80, 187 F.2d 192, 197, where Judge Fahy said:

"When, as in Bowen v. Johnston [306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455] * * *, it is said that there has been a denial of 'constitutional rights' * * * *the whole course of events is to be considered, not merely the erroneous admission of evidence claimed to infringe a right protected by the Constitution. Such admission alone does not result in the denial of a constitutional guaranty so long as the error is subject to correction on appeal and there is no indication of any deterrent to appeal, such as lack of counsel.* Accordingly, in such circumstances the method of correction must be direct, not collateral. Otherwise a motion under § 2255 becomes indeed a substitute for the regular judicial process of trial and review. Where, however, the denial of constitutional right persists, through lack of counsel or perjury undiscovered, or mob domination which saps all substance from the trial, or there is lack of jurisdiction or some other funda-

mental weakness in the judicial process which has resulted in the conviction, collateral attack is at hand, now under § 2255." (Emphasis supplied.)

█ The movant has already fully appealed and tested his original conviction as well as his alleged denial of Counsel, without success. Section 2255 does not offer a substitute or alternative for remedies already pursued to completion. Rogers v. Squier, 9 Cir., 174 F.2d 348; Parker v. United States, 4 Cir., 184 F.2d 488.

█ Contrary to movants' contention, the Supreme Court has never said that the Fifth and Fourteenth Amendments assure the privilege of an accused's presence when it would be useless.

█ In the case of Johnson v. United States, 1943, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 the Supreme Court affirmed the Third Court of Appeals in refusing to find prejudicial the exclusion of the defendant in an income evasion case from the court room while his Counsel and the prosecution argued the merits of a self-incrimination ruling involving the accused's testimony when the jury was also excluded during the argument. The Supreme Court said at 318 U.S. 201, 63 S.Ct. 555:

"The remaining objections may be briefly disposed of. It is claimed that the expulsion of petitioner from the court room while counsel were arguing the question of the propriety of the cross-examination on his 1938 income deprived him of his right to be present during the trial. Cf. Snyder v. [Commonwealth of] Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674. It is also urged that petitioner was denied the advice of counsel in that the court directed that when he resumed the stand he do so without having an opportunity to confer with his counsel about claiming the privilege. But there is a simple answer to these objections. Not only were no exceptions taken to these rulings; it also appears that they did not result in a loss of the privilege which the court had indicated it would recognize. For when petitioner resumed the stand, he was advised of his right to claim the privilege, he claimed it, and it was granted."

Although the Snyder case, supra, cited by the Supreme Court decision quoted above was one involving the absence of an accused from a viewing of the scene of the alleged crime by the jury, and therefore not relevant to the facts here, the following language used by the Court is persuasive, 291 U.S. 106, 107, 54 S.Ct. 332.

"In all the cases thus assumed the presence of the defendant satisfies the test that was put forward a moment ago as basic and decisive. *It bears,* or may fairly be assumed to bear, *a relation, reasonably substantial,* to his *opportunity to defend.* Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the *Fourteenth Amendment assures the privilege of presence when presence would be useless,* or the benefit but a shadow. What has been said, if not decided, is distinctly to the contrary. Howard v. [Commonwealth of] Kentucky, 200 U.S. 164, 175, 26 S.Ct. 189, 50 L.Ed. 421; Valdez v. United States, 244 U.S. 432, 445, 37 S.Ct. 725, 728, 61 L.Ed. 1242." (Emphasis supplied.)

The Howard case, supra, is worthy of note, as setting down the Kentucky rule for reversible error in these situations, where the Supreme Court stated, at 200 U.S. 175, 26 S.Ct. 192:

"It is manifest * * * that it is the law of Kentucky that occasional absence of the accused from the trial, from which no injury results to his substantial rights, is not reversible error. And we think, in applying that rule to the case at bar, plaintiff in error was not deprived of due process of law within the meaning of the 14th Amendment of the Constitution of the United States."

The Valdez opinion, supra, states the rule succinctly at 244 U.S. 445, 37 S.Ct. 728:

"But, aside from any question of waiver, it would be pressing the right of an accused too far and Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, beyond its principle to so hold. As well might it be said that an accused is entitled to be with the judge in his meditations, and that he could entertain no conception nor form any judgment without such personal presence."

Hopt v. People of Territory of Utah, 1884, 110 U.S. 574, 4 S.Ct. 202, 204, 28 L.Ed. 262, was cited by movant, but it will be seen below, the facts are not similar. In this case, the accused, one of several accused of the same murder in a separate trial, by the territorial court of Utah, was convicted, and sentenced to die; upon the conviction being affirmed by the Supreme Court of the territory, the accused brought a writ of error to the United States Supreme Court. The accused had been represented by Counsel during the trial below, but appealed on the ground that he had not been present when the alleged bias of six members of the jury panel was tried by special trier appointed for that purpose pursuant to the Criminal Code Provisions of the Territory. All six jurors were found to be free of the bias which plaintiff in error had urged, and although plaintiff in error prevented four from being seated by the use of peremptory challenges, one was finally seated on the jury which convicted him.

At the time of the trial of the bias of these jurors, plaintiff in error made no objection to not being present, although the triers and the jurors left the court room to try the issue of bias, nor was any exception entered on the record to this procedure. The Supreme Court held that the trial, within the meaning of the territorial criminal code provision similar to the present Rule 43 of the present Federal Rules of Criminal Procedure, 18 U.S.C.A. requiring the presence of the defendant, at every stage of the trial, began with the empaneling of the jury. The plaintiff in error could not waive this right to be present since what the law makes essential in proceedings for deprivation of life or liberty cannot be dispensed with even with the actual consent of the accused.

"*The legislature has deemed it essential to the protection* (of an accused felon) * * * *that he shall be personally present* * * * *at every stage of the trial when his substantial rights may be affected* * * *. If he be deprived of his life or liberty without being so present, such deprivation would be without that due process of law as required by the Constitution.* * * *"* (Emphasis supplied.)

The motion for a new trial was granted.

Lewis v. United States, 1892, 146 U.S. 370, 13 S.Ct. 136, 138, 36 L.Ed. 1011, also cited by the movant, is not in point.

In this case, the Federal district court in Arkansas permitted the prosecutor and the defendant to make their challenges of jurors out of the presence of each other which resulted in the defendant using three of his challenges upon jurors who had also been challenged by the prosecution. The Supreme Court granted a new trial, stating:

"Thus reading the record, and holding, as we do that making of challenges was an essential part of the trial, and that it was one of the substantial rights of the prisoner to be brought face to face with the jurors at the time when the challenges were made, we are brought to the conclusion that the record discloses (reversible) * * * error * * *. There is no statute of the United States which prescribes the method of procedure in impaneling jurors in criminal cases, and it is customary for the United States courts in such cases to conform to the methods prescribed by the statutes of the states. In the present instance the method prescribed by

the statutes of Arkansas was not followed, nor does it appear that there exists any general rule on the subject in the circuit court of the western district of Arkansas. While the court in the present instance did not exceed its jurisdiction in directing the impaneling of the jury by a method different from that prescribed by statute * * * all rules of practice must necessarily be adapted to secure the rights of the accused."

The above cited decisions do not demonstrate any basis for the sweeping rule urged by the movant, and are actually matters of statutory rather than constitutional construction. The motion is denied.