ILLINOIS CENT. R. CO. v. S. SEGARI & CO.

(District Court, E. D. Louisiana.  May 29, 1913.)

No. 14,650.

1. COURTS (§ 289*)—FEDERAL COURTS—JURISDICTION—INTERSTATE COMMERCE—ACTION FOR UNDER FREIGHT CHARGE.

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1092 [U. S. Comp. St. Supp. 1911, p. 136]) § 24, par. 8, giving federal District Courts jurisdiction of all suits and proceedings arising under any law regulating commerce, conferred jurisdiction of a suit by an interstate carrier to recover $12.87 undercharges on an interstate shipment of apples without reference to diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 830; Dec. Dig. § 289.*]

2. CARRIERS (§ 196*)—LIMITATION OF ACTIONS (§ 30*)—STATE STATUTES—APPLICATION.

Where, in an action by an interstate carrier against the consignee to recover undercharges on an interstate shipment, there was no allegation that the consignee was guilty of any wrongful act by which the carrier suffered, the action was not within Civ. Code La. art. 3536, fixing a prescription of one year for actions sounding in tort, nor article 3534, fixing a similar prescription for actions for the payment of freight on ships or other vessels; such section not being applicable to railroads.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 879–887; Dec. Dig. § 196;* Limitation of Actions, Cent. Dig. § 141; Dec. Dig. § 30.*]

3. LIMITATION OF ACTIONS (§ 29*)—STATE STATUTES—"ACCOUNT."

In an action by an interstate carrier to recover undercharges on an interstate shipment of freight, the claim of the carrier was not an "account" within Civ. Code La. art. 3538, prescribing a prescription of three years for actions based on an account of any description, as an account implies a course of dealing between the parties involving reciprocal debits and credits, or where the debt is increased from time to time or goods are sold on credit, etc.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 136–140; Dec. Dig. § 29.*

For other definitions, see Words and Phrases, vol. 1, pp. 86–96; vol. 8, p. 7561.]

4. CARRIERS (§ 35*)—INTERSTATE FREIGHT—CONTRACT FOR TRANSPORTATION—RATES—REGULATION.

The making of a contract for the transportation of freight in interstate commerce at a rate less than that prescribed by the schedules on file with the Interstate Commerce Commission does not prevent a recovery of the difference by the carrier, since both parties to the contract of shipment are bound by the tariff so filed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 94; Dec. Dig. § 35.*]

Action by the Illinois Central Railroad Company against S. Segari & Co.  On demurrer to petition.  Overruled.

Gustave Lemle, of New Orleans, La. (W. Catesby Jones, of New Orleans, La., of counsel), for plaintiff.

Edgar M. Cahn, of New Orleans, La., for defendant.

FOSTER, District Judge.  In this matter the Illinois Central Railroad Company has filed a petition against Segari & Co. which alleges

substantially: That it is an interstate carrier; that it received 160 barrels of apples, weighing 2,605 pounds, at Spencerport, N. Y., consigned to the defendants in New Orleans, La.; that it transported and delivered same to the consignee; that the tariff on file with the Interstate Commerce Commission on apples from Spencerport to New Orleans was 47 cents per hundredweight, but petitioners collected only 42 cents per hundredweight; that under the laws of the United States and the rules and regulations of the Interstate Commerce Commission it is incumbent upon petitioner, in order not to create an inequality among shippers, to collect the entire charges. It avers amicable demand without avail, and prays for judgment in the sum of $12.87.

To this petition defendants have excepted on the following grounds: First, that the court is without jurisdiction; second, that the case is barred by the prescription of one, two, and three years; third, that the petition discloses no cause of action.

[1] By paragraph 8 of section 24 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1092 [U. S. Comp. St. Supp. 1911, p. 136]), District Courts have jurisdiction "of all suits and proceedings arising under any law regulating commerce, etc." By the proviso of paragraph one of the same section it is not necessary that such suits should involve an amount exceeding $3,000. Being based on a law of the United States, diversity of citizenship is also unnecessary. I am of the opinion that a suit by a railroad to recover undercharges on interstate freight is one arising under the interstate commerce laws. Therefore this court has jurisdiction.

[2] The defendant relies upon articles 3534 and 3536 of the Civil Code of Louisiana as supporting the prescription of one year pleaded. Conceding that the state law governs, article 3536 fixes a prescription of one year for actions sounding in tort and could have no application in this case, as it is not charged the consignee is guilty of any wrongful act by which the railroad suffered. Article 3534 fixes a prescription of one year for actions for the payment of freight on ships and other vessels. This would seem to have some application by analogy, but statutes of limitation must be strictly construed, and the Supreme Court of Louisiana, in the case of Flash, Hartwell & Co. v. New Orleans, Jackson & Great Northern Railroad, 23 La. Ann. 353, expressly held that this article did not apply to railroads.

I am not aware of any law of Louisiana that would apply the prescription of two years to this case, and none has been pointed out.

[3] With regard to the prescription of three years, defendant relies upon article 3538 of the Civil Code, which applies a prescription of three years to all accounts. I am satisfied this action is not based upon an account of any description. It is difficult to define an account, but it implies a course of dealing between parties involving reciprocal debits and credits or where the debt is increased from time to time or goods are sold on credit or something similar. On the face of the petition I must assume that this was a shipment in the usual and ordinary way, that no credit was given, that the freight at the erroneous rate was collected before the merchandise was delivered, and the transaction was then closed.

[4] With regard to the exception of no cause of action, even if the parties intended to and did enter into a contract for the transportation of the freight at the rate collected, nevertheless both were bound by the tariff on file, and it necessarily entered into and formed part of the contract by the mere operation of the law. Texas & P. R. Co. v. Mugg, 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011.

The exceptions will be overruled.