YAZOO & M. V. R. CO. v. ZEMURRAY.

(Circuit Court of Appeals, Fifth Circuit. January 16, 1917. Rehearing Denied February 27, 1917.)

No. 2909.

1. CARRIERS ⬤⟿194—COLLECTION OF FREIGHT CHARGES—LIABILITY OF CONSIGNOR—ELECTION BY CARRIER.

Though the carrier can, notwithstanding the usual clause of the bill of lading as to delivery to the consignees on payment of the freight, and regardless of the ownership of the goods, waive its lien and recover the freight from the consignor, where the carrier attempted to collect from the consignee but through error collected only part of the amount due, and could thereafter have collected the balance from the consignee who owned the goods, from other goods in its possession, it will be bound by its election to collect from the consignee and not permitted to sue the consignor for the balance.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 870–872; Dec. Dig. ⬤⟿194.]

2. COURTS ⬤⟿289—JURISDICTION—FEDERAL QUESTION.

An ordinary action by a carrier to collect a freight bill from the consignor after it failed through error to collect the full amount from the

consignee involves no action under Elkins Act (Act Feb. 19, 1903, c. 708, 32 Stat. 847 [Comp. St. 1913, §§ 8597–8599]), or any other interstate commerce laws, and therefore does not give the federal court jurisdiction where the amount involved is less than $3,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 830; Dec. Dig. ☞289.]

3. LIMITATION OF ACTIONS ☞21(4) — THREE-YEAR STATUTE — ACTION FOR FREIGHT.

Where a shipment was legal in all respects, an action by the carrier to collect the portion of the freight which it omitted to collect through mistake was barred in three years under the Louisiana law.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 95; Dec. Dig. ☞21(4).]

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by the Yazoo & Mississippi Valley Railroad Company against Samuel Zemurray. Judgment for defendant, and plaintiff brings error. Affirmed.

Gustave Lemle, of New Orleans, La., for plaintiff in error.
Solomon Wolff, of New Orleans, La., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge. [1] The facts of this case and the reasons for judgment in the District Court are fully stated in the opinion of the court overruling the motion for a new trial, as follows:

"In this case the plaintiff sues for $36 freight on a shipment from New Orleans, La., to Natchez, Miss. The jury was waived, and the case tried in open court on the pleadings, admissions of counsel, and some evidence. The facts are not in dispute, and are as follows: Zemurray sold a carload of ripe bananas to A. Pegano at Natchez, Miss., terms f. o. b. New Orleans, La., but before shipping them required the purchaser to deposit the price in a bank in Natchez subject to his draft. The car was shipped consigned to Pegano, and the railroad issued its bill of lading in the usual form. The proper amount of freight was $45, but the railroad made delivery to Pegano and by error collected only $9. Thereafter demand was made on Pegano for the balance. He did not pay. The attorneys for the railroad wrote him several letters, but did not sue him. The railroad made demand on Zemurray. He advised it of his method of making the sale, declined to pay the difference in freight, and subsequently advised the railroad of other shipments made to Pegano that might have been reached by process. It is not shown that Pegano was insolvent, and he was doing business at the time this suit was entered. There was judgment in favor of the defendant, and plaintiff has applied for a new trial.

"The plaintiff contends that a carrier may waive its lien and deliver the freight and hold either the consignee or consignor, and this regardless of the usual clauses in bills of lading as to delivery to the consignees, he paying freight, and regardless of the ownership of the goods. Many cases have been cited, and the rule contended for seems to be supported by the weight of authority.

"However, in deciding the case against the plaintiff, I did so because I was satisfied the railroad could have collected from the consignee, if it had sued him; that having elected to collect the freight from the consignee, who was the owner of the fruit and bound to pay the freight ultimately, it would be inequitable to permit the carrier to change its base and proceed against

the consignor, who was only technically liable. Conceding that Zemurray was primarily liable to the railroad because of having made the contract, the mode of shipment was prima facie notice to the carrier that the shipper had parted with ownership on delivery of the goods to it and that the shipment was for account of the consignee. Before suit, the railroad was advised of the actual facts, and property of the consignee subject to execution pointed out. Considering all this, I see no reason to change my opinion.

"The motion for a new trial will be denied."

We might rest our decision upon the facts and reasons as given by Judge Foster, but we deem it proper to go further.

[2] On the facts stated, we doubt the jurisdiction of the court on the ground that the amount involved is less than $3,000. It appears to be a case of ordinary collection of a freight bill wherein the carrier through error and neglect failed to collect the stipulated freight from the consignee, and now sues the consignor.

We find no question in this case involving the Elkins law, or any other interstate commerce laws.

[3] Since the shipment was regular in all respects and the only thing complained of is the failure of parties responsible to pay the freight, we are also of opinion that even on the case made the plaintiff in error delayed too long to bring suit, and his claim is prescribed under Louisiana law by three years as pleaded in the case.

Waiving, however, the question of jurisdiction, we find no reversible error in the proceedings of the District Court.

Judgment affirmed, with costs.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes