FEBRUARY TERM, 1917.                    75

90 *N. J. L.*          Penna. R. R. Co. v. Townsend.

PENNSYLVANIA RAILROAD COMPANY, APPELLANT, v.
WILLIAM A. TOWNSEND, RESPONDENT.

Submitted December 7, 1916—Decided March 27, 1917.

1. *Prima facie,* the consignor of freight who contracts with the
   carrier for its shipment, is liable to pay the charges of trans-
   portation, and the mere fact that the charges are left unpaid by
   the consignor and are to be collected from the consignee at des-
   tination, does not discharge the consignor from liability to the
   carrier.
2. The term "consignee" when used in a bill of lading means the
   person named in the bill as the person to whom delivery of the
   goods is to be made.
3. The mere existence of the relation of carrier and consignee is
   not enough to establish a liability of the latter to pay freight
   charges. There must be an agreement by the consignee, express
   or implied, in order to create such a liability.
4. If the assignee of a bill of lading accepts and removes goods at
   their destination without paying the charges, with knowledge
   that the carrier is giving up for his benefit a lien thereon for a
   stated amount, that would be cogent evidence from which to
   imply an agreement on his part to pay the known amount of
   the freight charges.
5. The mere acceptance and removal of goods at their destination
   by the assignee of a bill of lading, and the payment by him
   of the freight bill as made out by the carrier, without knowl-
   edge by the assignee that the same was an undercharge, does
   not create any further liability on the part of such assignee,
   even though, by mistake of the carrier, the bill as rendered did
   not include the entire charge.

On appeal from the Burlington Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and BLACK.

For the appellant, *Gaskill & Goskill.*

For the respondent, *George M. Hillman.*

The opinion of the court was delivered by

TRENCHARD, J. The Bangor and Aroostook Railroad Com-
pany, a common carrier of freight, accepted at Presque Isle

station, Maine, a shipment of potatoes from T. M. Hoyt, "consigned to the order of T. M. Hoyt, Columbus, N. J. Notify Wm. A. Townsend," as appears from the bill of lading.

That company and the New York, New Haven and Hartford Railroad Company and the Pennsylvania Railroad Company transported the potatoes to Columbus, New Jersey, and the Pennsylvania Railroad Company there delivered them to William M. Townsend upon his payment to the company of freight charges of $101.45.

This suit was brought by the Pennsylvania Railroad Company against Townsend to recover the sum of $40, the complaint averring that the freight charges were incorrectly calculated by the plaintiff at $101.45, and that the true amount thereof was $141.45.

At the trial the judge nonsuited the plaintiff.

We are of the opinion that the nonsuit was right.

*Prima facie,* the consignor of freight who contracts with the carrier for its shipment is liable to pay the charges of transportation, and the mere fact that the charges are left unpaid by the consignor, and are to be collected from the consignee at destination, does not discharge the consignor from liability to the carrier. *Central Railroad Co.* v. *MacCartney,* 68 *N. J. L.* 165; *Grant* v. *Wood,* 21 *Id.* 292.

In the present case, the plaintiff company has not seen fit to sue the consignor, but rather has sued the defendant upon the theory, apparently, that he was the consignee, and seeks to hold him as such under the provision of the bill of lading upon which the freight in question was shipped that "the owner or consignee shall pay the freight."

But the defendant, Townsend, was not the "consignee." The term "consignee" means the person named in the bill as the person to whom delivery of the goods is to be made. *Pamph. L.* 1913, *p.* 261. By the bill in question the goods were "consigned to the order of T. M. Hoyt."

Moreover, the mere existence of the relation of carrier and consignee is not enough to establish a liability of the latter to pay freight charges. There must be an agreement by the

consignee, express or implied, in order to create such a liability. *Central Railroad Co.* v. *MacCartney, supra.*

The plaintiff company seemingly recognized these rules, and, accordingly, in its complaint, expressly charged that the defendant, Townsend, agreed to pay the freight charges.

But at the trial no testimony was offered tending to show any such contract or undertaking. The plaintiff produced but one witness who testified only concerning freight rates. The only other proof in the case was the bill of lading endorsed "Smith & Hoyt" and "W. A. Townsend," and the admission of the defendant, Townsend, that the plaintiff company delivered the shipment to him upon his payment of the freight charges demanded amounting to $101.45.

There was no evidence showing by whom the endorsement "Smith & Hoyt" was made, nor anything showing any connection between "Smith & Hoyt" and "T. M. Hoyt," the consignee.

In this state of the proof the plaintiff company asserted, and now asserts, that "the only question which could arise was, What is the lawful rate?" We think not.

We have pointed out that the consignee was T. M. Hoyt, and that the bill of lading was not endorsed or assigned by him. But if we were to assume that the bill of lading was regularly assigned to Townsend, the defendant, that assumption would not help the plaintiff. There is no proof, apart from the bill of lading, as to the relation existing between the consignor and Townsend, the defendant, nor as to the relation of Townsend to the goods, nor that he knew the correct amount of the freight charges, nor that he had even made any agreement respecting the same. We have only the bare fact that a statement of the freight charges prepared by the plaintiff was delivered to Townsend, who paid the bill and took the goods.

No doubt, if Townsend, as assignee of the bill of lading, had accepted and removed the goods without paying the charges, with knowledge that the carrier was giving up for his benefit a lien upon the goods for a stated amount—that would be cogent evidence from which to imply an agreement on his part to pay the known amount of the freight charges.

But the mere acceptance and removal of goods by the assignee of a bill of lading, upon payment of the freight bill as made out by the carrier, without knowledge by the assignee that the same was an undercharge, does not create any further liability on his part, even though, by mistake of the carrier, the bill as rendered did not include the entire charge. *Central Railroad Co.* v. *MacCartney, supra; Erie Railroad Co.* v. *Wanague Lumber Co.,* 75 *N. J. L.* 878; *Pennsylvania Railroad Co.* v. *Titus,* 156 *App. Div.* 830; 142 *N. Y. Supp.* 43.

The reason is that the consignee's liability for freight charges depends not upon any duty resting upon him as consignee, but upon agreement or undertaking by him, and that his acceptance of the goods bound him to pay only the rate specified in the freight bill delivered to him at the time the goods were accepted—and the liability of the assignee of the bill of lading is no greater.

The judgment of the court below will be affirmed, with costs.