CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant, v. O. C. EVANS and E. H. PEPPERS, Co-partners as O. C. EVANS & COMPANY, Respondent.

Kansas City Court of Appeals, December 13, 1920.

CARRIERS: Pleading: Petition for Freight Charges Against Consignee Demurrable. In an action by carrier against consignee for freight charges, a petition is demurrable which did not allege consignee was a party to contract of transportation, and that the shipments

were received and accepted by consignee; the mere existence of the relation of carrier and consignee, in the absence of an agreement, is not enough to establish an obligation upon the latter to pay transportation charges.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner*, Judge.

AFFIRMED.

*Warner, Dean, Langworthy, Thomson & Williams* for appellant.

*Lebrecht, Kasper & Barber* for respondent.

BLAND, J—This is a suit in three counts against the consignee for freight charges on three car-loads of potatoes transported by plaintiff and its connecting carrier. The court sustained a demurrer to the petition and plaintiff refusing to plead further the judgment went against it.

Under the allegations of the petition the only connection that defendants had with the shipments was that defendants were the consignee and the goods were tendered to them at the place of destination. There is no allegation that defendants were a party to the contract of transportation nor any allegation that the shipments were received or accepted by the defendants. We think there is no question but that the court properly sustained a demurrer to the petition.

It has often been held that as the contract of carriage is between the consignor and the carrier, the former is primarily liable for freight charges and that the mere existence of the relation of carrier and consignee, in the absence of an agreement express or implied, is not enough to establish an obligation upon the latter to pay the transportation charges. [Central Ry. Co. of New Jersey v. MacCartney, 52 Atl. 575 (N. J.); 10 C. J. 445, 446; Michie on Carriers, sec. 1548; Yazoo & M. V. R. Co. v.

Picher Lead Co., 190 S. W. 387; Pennsylvania R. Co., v. Townsend, 100 Atl. 855 (N. J.).] The consignee impliedly agrees to pay the charges if he accepts the goods with notice that the carrier has a lien for a specified amount, thereby depriving the carrier of its lien. [Pennsylvania R. Co. v. Titus, 142 N. Y. Suppl. 43, 45; Merrick v. Gordon, 20 N. Y. 93, 97; Pennsylvania R. Co. v. Townsend, supra; Union Pac. Ry. Co. v. Amer. Smelting & Refining Co., 202 Fed. 720.]

The cases cited by plaintiff are not in point. The carrier's contract and right to recover its freight cannot be made to depend upon what may be the legal effect of the mere relationship of consignor and the consignee, and ownership of the property shipped is not the test of liability to the carrier for freight charges. [Central of Georgia Rd. Co. v. Lovell, 180 N. Y. Suppl. 922; Portland Flouring Mills Co. v. British & Foreign Marine Ins. Co., 130 Fed. 860; Finn v. Western Rd. Corporation, 112 Mass. 524.]

There is nothing to assist plaintiff in the case of Yazoo & M. V. R. Co. v. Zemurray, 238 Fed. 789. In that case the consignee, who was the owner of the goods, received the same, and the question was as to whether the carrier after collecting from the consignee a portion of the freight could sue the consignor for the balance.

The judgment is affirmed. All concur.