This is a suit in three counts against the consignee for freight charges on three car-loads of potatoes transported by plaintiff and its connecting carrier. The court sustained a demurrer to the petition and plaintiff refusing to plead further the judgment went against it.
Under the allegations of the petition the only connection that defendants had with the shipments was that defendants were the consignee and the goods were tendered to them at the place of destination. There is no allegation that defendants were a party to the contract of transportation nor any allegation that the shipments were received or accepted by the defendants. We think there is no question but that the court properly sustained a demurrer to the petition.
It has often been held that as the contract of carriage is between the consignor and the carrier, the former is primarily liable for freight charges and that the mere existence of the relation of carrier and consignee, in the absence of an agreement express or implied, is not enough to establish an obligation upon the latter to pay the transportation charges. [Central Ry. Co. of New Jersey v. MacCartney, 52 A. 575 (N.J.); 10 C.J. 445, 446; Michie on Carriers, sec. 1548; Yazoo M.V.R. Co. v. *Page 555 
Picher Lead Co., 190 S.W. 387; Pennsylvania R. Co., v. Townsend, 100 A. 855 (N.J.).] The consignee impliedly agrees to pay the charges if he accepts the goods with notice that the carrier has a lien for a specified amount, thereby depriving the carrier of its lien. [Pennsylvania R. Co. v. Titus, 142 N.Y.S. 43, 45; Merrick v. Gordon, 20 N.Y. 93, 97; Pennsylvania R. Co. v. Townsend, supra; Union Pac. Ry. Co. v. Amer. Smelting Refining Co., 202 F. 720.]
The cases cited by plaintiff are not in point. The carrier's contract and right to recover its freight cannot be made to depend upon what may be the legal effect of the mere relationship of consignor and the consignee, and ownership of the property shipped is not the test of liability to the carrier for freight charges. [Central of Georgia Rd. Co. v. Lovell, 180 N.Y.S. 922; Portland Flouring Mills Co. v. British Foreign Marine Ins. Co., 130 F. 860; Finn v. Western Rd. Corporation,112 Mass. 524.]
There is nothing to assist plaintiff in the case of Yazoo 
M.V.R. Co. v. Zemurray, 238 F. 789. In that case the consignee, who was the owner of the goods, received the same, and the question was as to whether the carrier after collecting from the consignee a portion of the freight could sue the consignor for the balance.
The judgment is affirmed. All concur.