**DAVIS, Director General of Railroads, et al. v. AGE–HERALD PUB. CO.**

(Circuit Court of Appeals, Fifth Circuit. October 23, 1923.)

No. 4082.

1. **Courts ☞289—District Court has jurisdiction of suit arising under Interstate Commerce Acts regardless of amount involved.**

Under Judicial Code, § 24 (8), being Comp. St. § 991 (8), a District Court has jurisdiction of any suit arising under any law regulating commerce, regardless of the amount in controversy.

2. **Commerce ☞89—Construction of tariffs must first be determined by Interstate Commerce Commission.**

Where the question involved is one of construction of the tariff of an interstate carrier, requiring determination of the peculiar meaning of words used therein which may be affected by usage, the preliminary determination must be made by the Interstate Commerce Commission, and until that determination is made a court is without jurisdiction of the controversy.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by the Age-Herald Publishing Company against James C. Davis, Director General of Railroads, as agent, and the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendants bring error. Reversed.

T. A. McFarland, of Birmingham, Ala. (Tillman, Bradley & Baldwin and E. L. All, all of Birmingham, Ala., on the brief), for plaintiffs in error.

James J. Jackson, of Birmingham, Ala., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This is a suit by the Age-Herald Publishing Company against the Director General of Railroads to recover alleged overcharges on freight rates on 86 carloads of news print paper from Iroquois Falls, Ontario, Canada, to Birmingham, Ala. It is undisputed that the correct rate to Nashville was 40 cents per 100 pounds. The disputed question in the case is the proper rate from Nashville to Birmingham. There was a commodity rate of 21½ cents upon "paper, viz. paper, printing, calendared, or machine glazed (not enameled) in rolls, minimum weight 40,000 pounds." There was also a class rate of 25 cents upon "news print" paper.

The trial was before the court without a jury. The court found upon the evidence submitted that "printing" paper included "news print" paper, and entered judgment for $1,239.70, the amount collected in excess of the lower commodity rate, and for the additional amount of $100, as attorney's fees. The defendant contends that the District Court did not have jurisdiction, because, first, the amount involved is less than $3,000; and, second, the question as to which of the two rates was the proper one to be charged had not been submitted to the Interstate Commerce Commission for its preliminary determination.

[1] We think the first ground of attack upon the jurisdiction of the court must fail, because District Courts are given jurisdiction, regardless of the amount involved, of all suits or proceedings arising under any law regulating commerce. Judicial Code, § 24, par. 8 (Comp. St. § 991 [8]); Illinois Central Railroad Co. v. Segari (D. C.) 205 Fed. 998; New York Central Railroad Co. v. Mutual Orange Distributors, 251 Fed. 230, 163 C. C. A. 386. It is true that in Yazoo & Mississippi Valley Railroad Co. v. Zemurray, 238 Fed. 789, 151 C. C. A. 639, doubt was expressed by this court as to jurisdiction where the amount involved was less than $3,000, but it was stated that no question arose under any interstate commerce laws, and the case was affirmed upon the merits.

[2] In Great Northern Railway Co. v. Merchants' Elevator Co., 259 U. S. 285, 42 Sup. Ct. 477, 66 L. Ed. 943, it is said:

"But where the document to be construed is a tariff of an interstate carrier, and before it can be construed it is necessary to determine upon evidence the peculiar meaning of words or the existence of incidents alleged to be

attached by usage to the transaction, the preliminary determination must be made by the Commission, and not until this determination has been made can a court take jurisdiction of the controversy."

In the report of the Interstate Commerce Commission on official Classification Rates on Paper, 38 I. C. C. 120, it is said:

"The descriptive adjectives 'printing' and 'book' are interchangeably applied to this kind of paper, which will be referred to hereinafter as printing paper. The expression 'printing paper' does not include news print paper, which is treated in the tariffs of the carriers as a separate commodity, and which is so regarded commercially."

In view of this statement of the Commission, to the effect that printing paper does not include news print paper, we are of opinion that the District Court was without jurisdiction.

The judgment is reversed.