## WILKINSON v. HARBERSON.
### No. 4317.

Court of Appeal of Louisiana. Second Circuit. Dec. 16, 1932.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Joseph S. Guerriero, of Monroe, for appellee.

McGREGOR, J.

This is a proceeding resorted to by plaintiff against his judgment debtor for the purpose of examining him on matters pertaining to his property. Authority for the proceeding is claimed under Act No. 263 of 1928, which amends Act No. 198 of 1924.

In his petition the plaintiff alleges: (1) That on June 20, 1931, he obtained a definitive judgment against the defendant for $300, with interest and costs; (2) that he has endeavored without success to secure the payment of the said judgment, and that he desires and is entitled to examine the defendant in open court in order to ascertain what property, if any, he has upon which execution can be levied in order to satisfy the said judgment; (3) that he desires and is entitled to have the defendant produce in open court books, papers, and documents belonging to him, especially his bank accounts, canceled checks, and deposit slips; (4) that the defendant executed two chattel mortgages to his own order on March 27, 1931; that the said notes were not supported by valid and bona fide consideration, but were executed for the sole and only purpose of defrauding the plaintiff of the means with which to satisfy his judgment.

Upon the presentation of this petition, the judge of the lower court caused to be issued a rule and order commanding the defendant to appear at a certain hour and place to be interrogated by the plaintiff upon such matters as may be legally inquired into in an attempt to ascertain what property he might have which is subject to execution for the payment of plaintiff's judgment. This order also commanded the defendant to bring with him all his books, papers, and documents that relate to his property, particularly his canceled checks, deposit slips, and the two chattel mortgage notes which were described in the petition.

On January 6, 1932, with all parties present or represented by counsel, the defendant appeared in open court and submitted himself for examination, but, so far as the record discloses, no books, papers, or documents were produced. At the examination, counsel for the plaintiff asked the defendant to state (1) whether the chattel mortgage notes issued by him on March 27, 1931, for $8,000 and $3,000, respectively, were supported by any valuable consideration; and (2) to whom he gave or delivered them.

All questions propounded for the purpose of securing information as to the consideration or want of consideration of said notes and as to their ownership were objected to on the ground that, since the chattel mortgages were a matter of public record, the plaintiff's remedy is by direct attack on them. These objections were sustained, and the plaintiff was unable to secure any information concerning the matter inquired into.

Judgment was rendered and signed discharging and relieving the defendant from further answering the rule issued in the case, and the plaintiff has appealed.

## Opinion.

No written opinion was given by the judge of the lower court in rendering the judgment. No appearance was made by counsel for defendant and appellee in this court, nor have we been favored with a brief setting forth any reason or argument in support of the judgment appealed from.

Certainly a judgment creditor has always had the remedy of direct attack against any mortgage that prevents him from collecting a debt by levying upon the debtor's property. But Act No. 263 of 1928 was enacted (section 1) for the specific purpose of granting "an additional and supplemental remedy to judgment creditors to procure the execution of judgments, by providing for the examination of the judgment debtors in matters pertaining to their estates or property."

In order to avail himself of the right of direct attack upon the validity of the two chattel mortgages which defendant asserts that he already has, it is necessary for the plaintiff to file a suit in which the owner or owners of the notes are made party defendant. In this case plaintiff believes that the notes are still in the possession of the defendant, and that they are unsupported by any valid consideration. However, he has no definite information on that point. But the fact that on the same day defendant executed two chattel mortgages on his property payable to his own order, in such large sums, appears to have aroused suspicions in the mind of the plaintiff as to their validity or good faith.

Plaintiff believes that the notes were issued without consideration, and that they were never negotiated. He therefore desires to examine the defendant on these points. The act of the Legislature relied upon by him was passed to meet just such a situation as is presented here. If the notes have a valid consideration, defendant should have no objection to saying so. If they have not, plaintiff has a right to that information, and this act is his remedy. It expressly grants the *additional* and *supplemental* remedy to

examine the defendant upon *all matters pertaining* to his estate or *property.* When plaintiff undertook to collect his judgment by levying on defendant's personal property, he examined the public records, and found the two chattel mortgages in question. Information concerning the validity and present status of these mortgages is included in the expression "all matters pertaining to his estate or property." Since this is true, plaintiff should be permitted to examine the defendant on these matters. This examination will give plaintiff the necessary information to guide him in his future efforts to collect his judgment. The suit or suits which he may file as the result of the examination may be to annul the mortgages entirely or they may be to limit them to amounts smaller than those written in them. If plaintiff discovers that the notes are still in the defendant's possession, he can take the necessary steps at once to subject the property in question to his judgment unincumbered by the mortgages. If he discovers that the notes have been pledged as collateral security, he may see that the amount or amounts for which they are pledged are sufficiently small to leave an equity sufficient to pay his judgment.

As stated above, we have not been favored with a brief or argument in behalf of the judgment appealed from, but the objection which was sustained by the trial judge on which all evidence concerning the two chattel mortgages referred to in plaintiff's petition was excluded, is based on the allegation that the plaintiff's proper method of procedure is by direct attack on the chattel mortgages themselves. The position of plaintiff is that he needs information on which to base a direct suit, and he resorts to this suit in order to secure that information.

The case of Fithian v. Centanni, 159 La. 831, 106 So. 321, 323, affords a full and complete discussion of the right of a judgment creditor to call and examine his debtor under the provisions of the statute invoked by the plaintiff herein. There is nothing new in the proposition that a defendant can be compelled to give evidence against himself in a civil suit. In securing the judgment in the first instance, it may be based solely upon answers to interrogatories on facts and articles propounded to the defendant, or upon his testimony when examined as on cross-examination. In the execution of his judgment, a plaintiff may find his way blocked by chattel mortgages, as in this case. He may have all the necessary information on which to base a suit to annul the mortgages and subject the property to his judgment. He may make his proof in such a case entirely by the testimony of the defendant as on cross-examination. Then, if he does not possess this necessary information, he may

discover it in advance of the filing of the suit by examining the defendant under the provisions of the law relied upon by the plaintiff herein, as was most aptly said in the case cited above: "There is no valid reason why such procedure should not be had *after*, as well as *before* judgment is rendered." (Italics ours.)

The defendant should have been compelled to answer all questions pertaining to his property, and this naturally includes the status and validity of any mortgage resting upon it.

For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to be proceeded with in the lower court in accordance with the views herein expressed. The costs of the appeal are to be paid by the defendant and appellee, and all other costs are to await the final determination of the cause.