460

Geo. A. McNulty, Gen. Counsel, and Irving J. Levy, Asst. Gen. Counsel, both of Washington, D. C., and J. M. Gallagher, Regional Atty., of Philadelphia, Pa., for Harold D. Jacobs, amicus curiæ.

BARD, District Judge.

Upon motion of the plaintiff, Morris Fishman, for discovery and production of documents and things for inspection, copying or photographing, the Court is urged to enter an order directing the defendant employer, in accordance with Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to produce the records, payroll books, checks and other books and records indicating the number of hours of employment of, and the payments to Edith Marie DeFelice and others similarly situated for work done by them for the defendant. This suit was brought pursuant to the Fair Labor Standards Act.[1]

The complaint alleges that Edith Marie DeFelice is employed by the defendant; that she has designated Morris Fishman of the International Ladies' Garment Workers' Union as agent or representative for and on her behalf to institute proceedings for herself and all other employees similarly situated and affected; that the product manufactured in defendant's plant is shipped among the several states of the United States; that defendant failed to comply with the minimum wage provision of the Act of June 25, 1938, c. 676, § 6, 52 Stat. 1062, 29 U.S.C.A. § 206; that as a result of the violation there became due and owing unto her at least $49.64; that she is unable to determine the exact amount because all records and books are maintained by the defendant; and in addition to the amount due her and others similarly situated, an equal amount is claimed for liquidated damages and a request is made for a reasonable attorney's fee.

M. Herbert Syme, of Syme & Simons, of Philadelphia, Pa., for plaintiff.

Peter P. Zion, of Philadelphia, for defendant.

Since the argument of the motion, counsel for the plaintiff has amended his motion setting forth that the plaintiff has been au-

---

[1] Sec. 16 "(b) Any employer who violates the provisions of section 6 [206] or section 7 [207] of this Act [chapter] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." June 25, 1938, c. 676, § 16(b), 52 Stat. 1069; 29 U.S.C.A. § 216.

thorized to represent Phyllis Araco, Edythe D'Alonzo, Jeannette Paolini, Antoinette Paolone, Antoinette DiEnna, Dorothy Zink and Amelia Weihrauch, whose claims are similar in nature to that of Edith Marie DeFelice.

Defendant contends that (1) this Court has no jurisdiction; (2) granting jurisdiction, the employee has no right to inspect the books of the employer; (3) granting the employee or his representative such a right, it must be limited to an examination of the records pertaining solely to the party or parties bringing the suit; (4) production of the records violates the employer's constitutional right against self-crimination.

. 1. In support of lack of jurisdiction the defendant maintains: There is no allegation of diversity of citizenship; the amount involved is less that $3,000, 28 U.S.C.A. § 41; and that "liquidated damages" as used in Section 16(b) of the Fair Labor Standards Act of 1938 are not "penalties" that bring it within the excepting clause of the jurisdictional statute which provides that $3,000 jurisdictional provision shall not apply to "suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States."

Is an action under Section 16(b) of the Fair Labor Standards Act of 1938 a suit arising under a law regulating commerce? Citations of other pertinent sections of the Fair Labor Standards Act of 1938 are set forth in the note below.[2] In Andrews v. Montgomery Ward & Co., Inc., D.C., 30 F.Supp. 380, 384, the Court said: "Certainly it cannot be maintained now that Congress may not, in the interests of the general welfare of the country, prohibit the shipment in interstate commerce of the products of under paid and sweated labor.[3] * * * Regulations of wages and hours of labor is a proper exercise of police power. * * * It is not necessary for me to determine whether all the provisions of the Act are within the power of Congress. I am of the opinion that Congress has power to prohibit the transportation in interstate commerce of goods produced in violation of the Act. * * *"

The holding of District Court Judge Robert A. Cooper in Eastern Sugar Associates (Bowie) v. Claiborne, (decided September 26, 1939), is to the same effect: "1. The Fair Labor Standards Act of 1938 is a valid and constitutional exercise of the power of the Congress to regulate commerce."

■ The Federal District Courts have jurisdiction of all suits arising under laws regulating interstate commerce, regardless of the citizenship of the parties or the sum or value in controversy. Section 24, subsections (1) and (8) of the Judicial Code, Title 28 U.S.C.A. § 41, subsections (1) and (8).

In Davis, Director General of Railroads v. Age-Herald Pub. Co., 5 Cir., 293 F. 591, at page 592, the Court said: "We think the first ground of attack upon the jurisdiction of the court must fail, because District Courts are given jurisdiction, regardless of the amount involved, of all suits or proceedings arising under any law regulating commerce. Judicial Code, § 24, par. 8 (Comp.St. § 991(8) [28 U.S.C.A. § 41(8)]; Illinois Central Railroad Co. v. S. Segari & Co. (D.C.) 205 F. 998; New York Central Railroad Co. v. Mutual Orange Distributors [9 Cir.] 251 F. 230, 163 C.C.A. 386. It is true that in Yazoo & Mississippi Valley Railroad Co. v. Zemurray [5 Cir.] 238 F. 789, 151 C.C.A. 639, doubt was expressed by this court as to jurisdiction where the amount involved was less than $3,000, but it was stated that no question arose under any interstate commerce laws, and the case was affirmed upon the merits."

In Mulford v. Smith, 307 U.S. 38, at page 46, 59 S.Ct. 648, at page 651, 83 L.Ed. 1092, the Court said: "Though no diversity of citizenship is alleged, nor is any amount in controversy asserted so as to confer jurisdiction under subsection (1) of Section 24 of the Judicial Code, the case falls within subsection (8) which confers jurisdiction upon District Courts 'of all suits and proceedings arising under any law regulating commerce.'"

■ The Fair Labor Standards Act of 1938 is a law of the United States regulat-

---

[2] c. 676, § 6(a), 52 Stat. 1062, 29 U.S.C.A. § 206(a); c. 676, § 7(a), 52 Stat. 1063, 29 U.S.C.A. § 207(a); c. 676, § 3 (b), 52 Stat. 1060, 29 U.S.C.A. § 203(b); c. 676, § 3(j), 52 Stat. 1061, 29 U.S.C.A. § 203(j); c. 676, § 2, 52 Stat. 1060, 29 U.S.C.A. § 202.

[3] Kentucky Whip & Collar Co. v. Illinois C. R. Co., 299 U.S. 334, 57 S.Ct. 277, 81 L.Ed. 270; Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092; United States v. Rock Royal Cooperative, Inc., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446.

ing commerce and the instant case is a suit or proceeding under that law. I therefore find that this Court has jurisdiction regardless of the citizenship of the parties and the amount involved.

2. Unquestionably Rule 34 of the Federal Rules of Civil Procedure has extended the rights of parties to a suit to examine the books and records of the other party before trial. It was aptly phrased by Judge Maris in C. F. Simonin's Sons, Inc. v. American Can Co., D.C., 24 F.Supp. 765: "An examination of these rules discloses that they afford the plaintiff facilities for discovery from the defendant which are more liberal than it could obtain in a suit in equity for discovery. Furthermore it is clear that those rules may be invoked in aid of a civil action at any time after its commencement."

With what standard must the movent comply to gain the right to examine his adversary's books and records?

This question has been considered by Judge Kirkpatrick of this District in the case of C. F. Simonin's Sons, Inc. v. American Can Company, D.C., 30 F.Supp. 901. He promulgates the following standard, 30 F.Supp. at page 902: "Searching for guidance in reported decisions under the old practice, and avoiding 'restrictive formulas,' the only general rule having 'the capacity of flexible adjustment to changing groups of facts' which I can discover is that a plaintiff, before he is granted sweeping discovery, must somehow convince the Court that there is, at least, reasonable ground to believe that a cause of action exists, and can be proved if the necessary facilities are afforded him."

In the instant case I am convinced there is "reasonable ground to believe that a cause of action exists" and the plaintiff should be afforded the privilege of examining the defendant's books and records.

3. This right to examine books and records of the opposing party should be limited, however, to an examination of the material records pertaining solely to the parties bringing this suit.

In the case of Apex Hosiery Company v. Leader et al.,[1] D.C., Judge Kirkpatrick of this District granted the motion of the plaintiff for discovery and production of documents according to Rule 34 and entered an order appointing a master to supervise and conduct plaintiff's inspection, copying and photographing of the documents so that the plaintiff was enabled to inspect, copy and photograph any of the documents which in any way related or pertained to that action between the plaintiff and defendant, but ordered that all other matters and information contained in the documents should be withheld from the plaintiff's examination and inspection. The Circuit Court of Appeals, 3 Cir., 102 F.2d 702, 703, dismissed the appeal for want of jurisdiction, but added this approving language: " * * * we think it may fairly be said that the order entered by the learned District Judge was most carefully drawn to prevent the plaintiff from unduly prying into the defendants' affairs."

4. The examination of the books, accounts and records for the purposes and with the limitations above stated does not violate the employer's constitutional right against self-crimination guaranteed to him by the 5th Amendment to the Constitution. This Amendment refers to criminal cases or actions civil in form but criminal in nature and which have been "instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him." Boyd v. United States, 116 U.S. 616, 634, 6 S.Ct. 524, 534, 29 L.Ed. 746. In that case the Supreme Court prohibited "the seizure of a man's private books and papers to be used in evidence against him" because the act provided for penalties and forfeiture of the party's goods. The instant case is a civil action not of a criminal nature, and is not for the enforcement of any penalty or forfeiture. Counsel for the defendant in his Brief, arguing the jurisdictional question, concedes that "liquidated damages" as used in Section 16(b) of the Fair Labor Standards Act of 1938 are not "penalties". The sheltering guaranty against self-crimination enjoyed by reason of the 5th Amendment can have no application in the instant civil suit. Fithian v. Centanni, 159 La. 831, 106 So. 321; Wilkinson v. Harberson, La.App., 145 So. 28, 30.

I shall follow the procedure adopted by Judge Kirkpatrick in the Apex Hosiery Company case, supra. If counsel for the plaintiff will prepare an order in accordance with this opinion pertaining to the

---

[1] No opinion for publication.

relevant records concerning Edith Marie DeFelice, Phyllis Araco, Edythe D'Alonzo, Jeannette Paolini, Antoinette Paolone, Antoinette DiEnna, Dorothy Zink and Amelia Weihrauch, and submit it to defendant's counsel for a period of five days before presentation, a master will be appointed and the order entered.