### SAXTON v. W. S. ASKEW CO.
#### No. 52 Civil Action.

District Court, Northern D. Georgia, Newnan Division.

March 7, 1941.

324

A. W. Touchton and Myer Goldberg, both of Newnan, for plaintiff.

Jones & Atkinson, of Newnan, for defendant.

RUSSELL, District Judge.

This suit was originally instituted by Caldwell Saxton against the defendant seeking to recover on behalf of himself and others similarly situated unpaid wages and unpaid overtime compensation under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Upon objections made and upon consideration of the motion made for a more definite statement, the petitioner was held to be not authorized to maintain the suit on behalf of other employees. D.C., 35 F.Supp. 519.

Plaintiff thereafter prayed leave of the Court to amend his petition setting forth substantially similar allegations to those contained in the original petition, and amplifying the allegations as to the "similar situation" of some eighty-one other employees, stating that he had been duly authorized to maintain the action, and praying the appointment of a master, and that he be permitted to recover for himself and the other eighty-one employees such amount as may be found due.

This amendment was allowed subject to objection. Defendant objects to the allowance of this amendment and moves to strike it upon the ground that it is concluded by the former judgment of the court, and it can only proceed as an action in which other employees are permitted to intervene; that the statement he had been authorized and empowered to bring the action is a conclusion; and that there is no reason for the appointment of a master shown by the petition.

Thereafter some forty-one employees of the defendant filed their petition for intervention adopting the allegations of the original petition. Plaintiffs and intervenors, all of whom will be denominated as plaintiffs, have moved for the production of records and documents, for inspection, etc. under Rule 34, 28 U.S.C.A. following section 723c, specifying the records made and kept by defendant under Section 11(c) of the Fair Labor Standards Act from October 24, 1938, to July 3, 1940; the time slips, etc., from which these records were made; and all records kept by defendant to show its employees, their names, addresses, persons worked and number of hours worked, the weekly wages paid to each; and the sales and shipping records of defendant and other records

showing the names and addresses of persons to whom sales or shipments were made, etc.

Defendant contends that the motion should be denied for the reasons: (a) That the pay roll records, so far as pertaining to the employees not parties to the suit, are immaterial; (b) that so far as such records relate to the plaintiffs the facts are well known to the plaintiffs; and (c) according to the allegations of the petition each party has definite information and knowledge as to the number of hours each worked and the rate of pay received; and (d) that the motion contains no statement of facts showing why the order prayed for should be granted; and (e) it does not show that the records contain any material evidence; nor (f) is there any showing that the records are required for any adequate reason; and (g) there is no reason shown why the information sought could not be secured by taking depositions or by notice to produce. It is, admitted that the shipping records are material and defendant admits readiness to furnish plaintiffs such portions of these records as the Court deems pertinent.

■ These various matters will be dealt with in the order stated above. The amendment offered by the plaintiffs is, under the former judgment of this court, subject to the objections urged, and so far as the same attempts to maintain the action as a true class one on behalf of all employees it will be stricken.

■ Under the circumstances of this case, no useful purpose would be served by the appointment of a master, and the motion therefor is accordingly denied.

■ The motion of plaintiffs that they be allowed to inspect and copy the specified records of the defendant is not as full and complete as it should be to meet all strict requirements of proper procedure. The motion is not verified, as would be indicated by the official forms of the Rules of Civil Procedure, Number 24, but in view of the nature of the issues involved, which would render subsequent verification certain, I am unwilling to base denial of the motion on this ground. In interpreting and enforcing the provisions of the Rules of Civil Procedure, the District Courts are given wide discretion and latitude to the end that the desired results of speedy and efficient administration of justice may be secured.

Prior to the adoption of the rules and the beginning of what is hoped will be a simplification of Civil Procedure, the motion of the plaintiffs would have appeared novel and the argument of defendant that is was merely an effort to obtain its evidence would have had great weight. However, once the proposition be accepted that the rules relating to discovery and the production of documents was enacted for the purpose of providing a short, speedy and inexpensive determination of law suits, the argument of the defendant that it is not fair to make it produce its evidence before trial loses much force. This argument overlooks the fact that the tendency of the rules and modern procedure is to do away with every possible feature of "trial by surprise," and substitute a trial by facts, whatever they may be, if indeed it be found after the use of the means of discovery provided that a trial is necessary or would result in establishment of rights for the plaintiff. It may be observed that the documents sought to be inspected are not those which the defendant has secured as its evidence after the institution of the suit.

In actual practice, there will be rare instance where the objection to the motion for production and inspection of documents can be defended by showing that the information could become available by depositions or subpoena duces tecum, for especially in the latter case it is tantamount to the argument that the party is entitled to retain his evidence until the actual trial, with all the advantages of secrecy and surprise which might ensue as a matter of course. This is thought to be contrary to all modern day principles of judicial procedure.

■ Under the pleadings, the nature of the case, and the facts produced in the oral argument, the motion for production and inspection is deemed sufficient. It is alleged by the plaintiffs that the matter of hours worked and pay received is peculiarly within the knowledge of the defendant, who knows or should know and have records of the exact number of hours worked and compensation paid. If defendant is subject to the terms of the act, it should have such records and is required by law to keep them, and under these circumstances the materiality and relevancy of the contents of such records is apparent, and a statement that they are material is not a conclusion of the plaintiffs. In-

deed, it is difficult to understand the difference between the materiality of these records and of the shipping records, which the defendant concedes to be material.

Adopting the language of C. F. Simonin's Sons, Inc., v. American Can Company, D.C., 30 F.Supp. 901, 902, and Fishman v. Marcouse, D.C., 32 F.Supp. 460, 461, 462, 463: "In the instant case I am convinced there is 'reasonable ground to believe that a cause of action exists' and the plaintiff should be afforded the privilege of examining the defendant's books and records."

Nevertheless, the motion of the plaintiffs is too broad. They have no right or concern with the records of the defendant concerning all its employees, but only as to such records as affect them. It would not be the inclination of this court, no matter how technical or formal the motion, to permit a "fishing expedition" into the records of the defendant. Under Rule 34, the court should in permitting inspection and making of copies "prescribe such terms and conditions as are just.".

To prevent a "fishing expedition," the method adopted by Judge Bard in Fishman v. Marcouse, D.C., 32 F.Supp. 460, supra (72 Bull. 23, Dept. of Justice), following the procedure of Judge Kirkpatrick, would seem to meet the requirements of justice. Asking for too much will not defeat the entire motion of the plaintiffs, but the grant will be restricted to those pay roll records pertaining solely to the plaintiffs in the suit. Counsel for the plaintiffs may present an order appointing a master to supervise and to conduct plaintiffs' inspection and copying of the pay roll records, time slips and pay roll records, and other records from which the foregoing records were made, showing the persons worked and number of hours worked each day, and the weekly wage paid to each of the plaintiffs between the 24th day of October, 1938, and July 3, 1940, but the master shall be required to withhold from plaintiffs' examination and inspection all matters and information contained in such documents which do not relate to the plaintiffs in this action.

Counsel for both parties will be given an opportunity to agree upon a disinterested master and report same by March 15th, with evidence of consent, in the absence of which the Court will name a person to conduct the examination.

As to the shipping records, defendant will furnish to the plaintiffs a record of sales and shipments by defendant between October 24, 1938, and July 3, 1940, showing the consignees, their addresses, and the kind of lumber product shipped, unless it be stipulated between the parties that all shipments were of products produced in the plant of the defendant during the period of time specified.

From the response to the motion, it is apparent that no difficulty will be experienced by the parties in reaching an agreement as to a date and time necessary for this inspection, but to forestall any delay, in the absence of agreement, the defendant will exhibit such records to plaintiffs' counsel at its office during business hours on March 12, 1941.