Guy Gilbebt Ribaudo, J.
Motions Nos. 43 and 44 are considered together.
Plaintiff Ehrlich, in an action brought pursuant to subdivision (b) of section 16 of the Fair Labor Standards Act of 1938 as amended (TJ. S. Code, tit. 29, § 216, subd. [b]), by herself, on her own behalf and on behalf of ‘£ all other employees of defendant similarly situated ”, moves for discovery and inspection of the defendant’s books and records relating to the compensation paid by defendant to plaintiff and the said ‘ ‘ other employees *925 similarly situated,” as well as other employment data relating thereto. Defendant cross-moves for preclusion because of plaintiff’s failure to comply with its demand for a bill of particulars.
Subdivision (b) of section 216 of title 29 of the United States Code provides in pertinent part: “ No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.” It is uncontroverted that the consents referred to in the section quoted (supra), have not been filed in this action. Under such circumstances, the “ other employees of defendant similarly situated,” are clearly not parties plaintiff in this action within the meaning of the act (see U. S. Code, tit. 29, § 256; Burrell v. La Follette Coach Lines, 97 F. Supp. 279). Indeed, the question of whether or not plaintiff is authorized to bring this action on behalf of such employees is seriously in doubt, in view of the ruling of the Federal District. Court in the case of Saxton v. Askew Co. (35 F. Supp. 519, 38 F. Supp. 323), where the circumstances were closely similar to this action, to the effect that such an action was not one in which the “ other employees,” as referred to in the complaint, were “ similarly situated,” within the meaning of the section of the act quoted (supra), but rather, one in which it was apparent that there were many differences; e.g., as to time worked, wages actually due and hours of overtime involved. The ruling of the court in the case just cited denied the named plaintiff the right to bring such action on behalf of the other employees, even though he alleged that he had been duly authorized to represent them, and indicated that the proper remedy for the other employees was by way of an application for leave to intervene in the action. At any rate, the question of whether such ruling does in fact apply to the present action is not now before us upon this motion, and we are not required to decide same.
There is clear authority upon the question immediately before us upon this motion, in the case of Fishman v. Marcouse (32 F. Supp. 460) which expressly held that the right to examine books and records of the employer should be limited to those material and relevant records pertaining solely to the “ named parties ” bringing the action. Applying this rule to the instant case, it is apparent that only those books and records of defendant relating to the compensation paid to plaintiff Barbara Ehrlich and to her contract of employment would be proper matter for discovery and inspection. Moreover, no relevancy, materiality or necessity is shown with respect to the production of the “ psychological test and the results thereof ” referred to in the notice of motion.
*926 Further, this action having been brought in a State court rather than a Federal court, the decisions of the courts of this State applicable to the procedural remedy of discovery and inspection being invoked here will control (Pritchard v. Norton, 106 U. S. 124; Miller v. Brenham, 68 N. Y. 83). Our courts have held that upon such a motion, the affidavit in support thereof should set forth facts from which it may be determined that an examination before trial with a direction to produce books and records under section 296 of the Civil Practice Act, will be inadequate (Kahn v. Consolidated Prods. Co., 13 A D 2d 474; Gross v. Price, 2 A D 2d 707). In the absence of such a showing, discovery and inspection will be denied without prejudice to renewal after the conclusion of the examination upon a showing of necessity (Battaglia v. New York City Tr. Auth., 2 A D 2d 985).
In accordance with the foregoing, plaintiff’s motion is denied in all respects without prejudice to renewal, upon a proper showing of the facts as indicated above, after the completion of an examination before trial of defendant. It presently appears that the information and the production of books and records sought by plaintiff herein, insofar as the same are properly allowable as indicated by the foregoing, may be obtained by way of such examination before trial pursuant to section 288 et secj. of the Civil Practice Act.
As to defendant’s cross motion to preclude, it is noted that no motion to modify or vacate the items of defendant’s demand has been made. Under such circumstances, particulars of such demand shall be required to be furnished unless the items are palpably improper (Tomasino v. Prudential Westchester Corp., 1 A D 2d 781).
The particulars required in items 1 and 2 of the demand are proper and should be furnished. While, as we have stated (supra), the “ other employees ” referred to in the complaint are neither, for the present at least, proper parties plaintiff, nor intervenors in this action, particulars as to their names and what authorization plaintiff has, if any, to represent them should be disclosed in order to enable defendant to determine whether or not plaintiff may have proper standing to maintain this action on behalf of such other employees as a true 1 ‘ class action” within the meaning of subdivision (b) of section 16 of the Fair Labor Standards Act of 1938, as amended (U. S. Code, tit. 29, § 216, subd. [b]); i.e., whether such employees are truly “ similarly situated” with the plaintiff as required by the act, or whether their only proper procedural remedy may be by way of intervention or otherwise.
*927 With respect to items 3 and 4 of the demand however, in view of our finding that Barbara Ehrlich is the only proper party plaintiff, at least at this stage of the action, the particulars required in items 3 and 4 will be allowed only with respect to her. Accordingly, item 3 is modified so as to substitute the words “ plaintiff Barbara Ehrlich ” for the word “ plaintiffs ”, and item 4 is modified by striking out everything following the word “ computes ”, and substituting therefor, the words “ her damages ”.
The cross motion is accordingly granted and the plaintiff is precluded unless a bill of particulars in compliance with defendant’s demand, as modified in accordance with the foregoing, is served within 20 days after service of a copy of this order with notice of entry.
If plaintiff Ehrlich presently lacks knowledge concerning any of the particulars hereinabove required to be furnished, she may, in lieu of furnishing same, state such lack of knowledge under oath. Thereafter however, and within 20 days after completion of her examination before trial of defendant, she is directed to serve a further amended or supplemental bill as to those items of the demand which request information solely within the knowledge of defendant and of which she had no knowledge in the absence of such examination (Rowe v. Levine, 15 A D 2d 571).